UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY ZAPPIN,

                Plaintiff,

– against –

MATTHEW F. COOPER, KEVIN M. DOYLE,
LAUREN LIEBHAUSER, HANNAH YU, *and*
JANE DOE,

                Defendants.

**OPINION &
ORDER OF SERVICE**

20 Civ. 2669 (ER)

Ramos, D.J.:

    Anthony Zappin, a disbarred attorney who appears *pro se*, asserts claims of abuse of process in violation of his Fourteenth Amendment procedural due process rights, First Amendment retaliation, conspiracy to commit abuse of process, and conspiracy to engage in First Amendment retaliation.  He sues New York County Supreme Court Justice Matthew F. Cooper, Kevin M. Doyle, staff attorney for the Attorney Grievance Committee for the First Judicial Department, Lauren Liebhauser, former senior investigator for the Manhattan District Attorney's ("DA") Office, Hannah Yu, Assistant District Attorney ("ADA") for the Manhattan DA's Office, and Manhattan DA's Office "supervisor" Jane Doe.  On April 7, 2020, the Court granted Zappin's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  For the reasons discussed below, the Court dismisses Zappin's claims against Doyle, Yu, and Doe and directs service on Cooper and Liebhauser.

**I.    BACKGROUND**

**A.    *Zappin v. Comfort***

    Between 2015 and 2016, Cooper was the presiding judge of Zappin's divorce proceedings in New York County Supreme Court.  *Zappin v. Comfort*, No. 301568-2014;

Compl., Doc. 1 ¶ 2. Zappin alleges a contentious relationship with Cooper, attesting that Cooper fabricated findings during the divorce proceeding to disbar Zappin and irreparably damage his personal and professional reputation in an ongoing vendetta. *Id*. ¶ 9. Zappin wrote several letters to Cooper's superiors, then Administrative Judge Peter Moulton and Chief Administrative Judge Lawrence Marks, complaining about Cooper's behavior. *Id*. ¶ 10. Zappin also maintained a YouTube channel and two websites criticizing Cooper and calling for his removal from the bench. *Id*. ¶ 11.

On April 22, 2016, a collateral estoppel disciplinary proceeding[1] was initiated against Zappin by the Attorney Grievance Committee for the First Judicial Department. Compl. ¶¶ 69–73. Doyle was the staff attorney assigned to the matter. *Id*. ¶¶ 3, 69–73. Zappin alleges that, during the disciplinary proceedings, Doyle fabricated an assertion that Zappin had filed a false police report in 2013 against his ex-wife and later used that incident as well as the subsequently-filed criminal complaint in the *People v. Zappin* matter, described *infra*, as "evidence of a 'pattern' of filing false police reports." *Id*. ¶ 70–71.

**B.     The November 2nd Incident and *People v. Zappin***

On November 2, 2016, Zappin alleges that he and Cooper passed each other on the street north of the Judicial Commission Building in New York City on Broadway. *Id*. ¶¶ 15–17. Zappin states that he heard a spitting sound and that he, upon later discovering a wet spot on his sweater, believes Cooper very likely spat on him (the "November 2nd Incident"). *Id*. Zappin filed a police report later that day at the 1st Precinct of the New York Police Department

---

[1] In *Zappin v. Doyle*, discussed *infra*, Zappin describes sanctions that Cooper issued against him for attorney misconduct during his divorce proceedings. Am. Compl. ¶¶ 116–129, *Zappin v. Doyle*, No. 17 Civ. 8837 (KPF) (S.D.N.Y. Apr. 10, 2018) (Doc. 28). On April 22, 2016, the Attorney Grievance Committee filed a "collateral estoppel petition . . . seeking to hold [Zappin] guilty of attorney misconduct" based on Cooper's decisions in the divorce proceedings. *Id*. ¶ 307.

("NYPD"). *Id*. ¶¶ 18–19.  Approximately two months after the incident, Liebhauser reached out to Zappin to pursue the investigation.  *Id*. ¶ 22.  Zappin attests that he told Liebhauser he did not want to pursue charges and he only wanted to be left alone by Cooper, but Liebhauser continued the investigation.  *Id*. ¶ 23.  In early March 2017, Liebhauser called Zappin to tell him that her investigation had revealed a video of the incident, and she requested Zappin come to the station to review and verify it.  *Id*. ¶ 25.  As Zappin was in West Virginia at the time, he was unable to do so.  *Id*.  On March 28, 2017, as Zappin was exiting New York County Family Court for a separate action, Liebhauser and three other detectives arrested him.  *Id*. ¶ 32.  Zappin was charged with making a false police report under New York Penal Law 240.50(3)(a).[2]  *Id*. ¶ 33.  The charge was based on the video obtained by Liebhauser which, contrary to Zappin's account, showed Cooper and Zappin walking by the Judicial Commission Building without incident.  *Id*. ¶ 39.  Yu was the ADA assigned to the matter, *People v. Zappin*, and Doe was Yu's supervisor on the matter.  *Id*. ¶¶ 5–6.

Zappin alleges Cooper and Liebhauser fabricated statements during the investigation that Yu reiterated on the record at arraignment.  *Id*. ¶ 38.  Zappin also alleges that, at Cooper's behest, Yu requested a temporary order of protection for Cooper.  *Id*. ¶ 41.  Judge Phyllis Chu set bail at $2,500 and issued a temporary "full stay away" order of protection for Cooper which included ordering Zappin to stay away from Cooper's workplace, meaning the New York County Supreme Court.  *Id*. ¶¶ 40–41, 56.

In October 2017, Zappin was offered a plea deal by the DA's Office:  he could plead guilty to the lesser disorderly conduct charge, and in exchange, he would serve 21 hours of community service, waive sealing of the disorderly conduct violation, and agree to a two-year

---

[2] The state prosecution was captioned *People v. Zappin*, Case No. 2017NY019016.

order of protection for Cooper. *Id.* ¶ 79. On October 19, 2017, Zappin accepted the deal and pled guilty to disorderly conduct. *Id.* ¶ 80.

### C.    *Zappin v. Doyle*

On November 14, 2017, Zappin filed *Zappin v. Doyle*, No. 17 Civ. 8837, before Judge Katherine Polk Failla of the Southern District of New York, suing multiple defendants, including Doyle, Cooper, and Liebhauser. Zappin alleged, among other claims regarding his contentious divorce proceedings held before Cooper in state court, the unconstitutionality of the collateral estoppel disciplinary proceedings and the bogus nature of the criminal complaint in *People v. Zappin*. Am. Compl., *Zappin v. Doyle*, No. 17 Civ. 8837 (KPF) (S.D.N.Y. Apr. 10, 2018) (Doc. 28). Specifically, and as relevant to the instant action, Zappin alleged abuse of process against Cooper and Liebhauser for the filing of the criminal complaint in *People v. Zappin*, and abuse of process against Doyle for initiating the collateral estoppel disciplinary proceedings. *Id*. Zappin further alleged that the criminal complaint was filed in retaliation for criticizing Cooper via two websites and for filing the November 2nd Incident police report. *Id*.

On April 6, 2018, Zappin voluntarily dismissed his claims against Liebhauser, Cooper, and one other defendant. Doc. 93, *Zappin v. Doyle*. On April 10, 2018, Judge Failla dismissed the claims against the remaining defendants, including Doyle, with prejudice pursuant to Federal Rule of Civil Procedure 41(b) after Zappin's continued violations of the court's orders. Doc. 94, *Zappin v. Doyle*. Judge Failla stated that she "ha[d] no reason to believe that [Zappin] [would] ever view [the] Court's orders and deadlines as binding on him," after he flouted multiple court orders despite being given notice that his conduct would result in dismissal of the case. *Id*.

### D.    **Instant Action**

On March 31, 2020, Zappin filed the instant action. Compl. He re-alleges from his *Doyle* complaint, in substantial part, facts relating to the November 2nd Incident and the state

4

prosecution.  Zappin alleges abuse of process in violation of his Fourteenth Amendment procedural due process rights and First Amendment retaliation claims against Cooper and Liebhauser under § 1983, arguing that they utilized the criminal complaint and temporary order of protection in the state prosecution for collateral purposes and in retaliation for exercising his right to criticize and lawfully petition for redress against Cooper.  Compl. ¶¶ 81–86, 94–98.  Zappin further alleges § 1983 claims of conspiracy to commit abuse of process and to engage in First Amendment retaliation against all Defendants.

On April 6, 2020, Zappin filed a request to proceed IFP, which was granted on April 7, 2020.  Docs. 2, 4.  On April 8, 2020, the Court issued an Order of Service directing Zappin to serve the summonses and complaint on each Defendant but did not rule on the merits of his complaint at that time.  Doc. 6.  On July 21, 2020, Zappin filed the instant motion, requesting that the Court either direct the U.S. Marshal Service to effect service on Defendants pursuant to 28 U.S.C. § 1915(d) or grant him a 21 day extension to effect service on Defendants, Doc. 16.

## II.  STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  However, while "[i]t is well established that a court is ordinarily obligated to afford a special

5

solicitude to pro se litigants," it is also well established that "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010); *see also Mitchell v. Con Edison*, 531 F. App'x 140, 140–41 (2d Cir. 2013) (not applying *pro se* special solicitude to a disbarred attorney); *U.S. v. Pierce*, 649 F. App'x 117, 117 n. 1 (2d Cir. 2016) (same).

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Iqbal*, 556 U.S. at 678. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Id.*

## III.   DISCUSSION

Pursuant to 28 U.S.C. § 1915(e), the Court is permitted to dismiss an IFP action "at any time," including after summons have been issued. *See, e.g.*, *Sinyan v. Swedish Hosp. Medical Ctr.*, 482 F. App'x 209, 211 (9th Cir. 2012) (affirming the district court's dismissal of plaintiff's action after issuance of summons); *see also Bergstrom v. Barnhart*, No. 6:07 Civ. 0064 (NPM) (GHL), 2007 WL 838981, at *1 (N.D.N.Y. Mar. 19, 2007) (dismissing a complaint after the court had previously directed service of the summons and complaint on the defendant). The Court has previously issued an order of service but now dismisses Zappin's claims against Doyle, Yu, and Doe pursuant to 28 U.S.C. § 1915(e).

A.  **Claims against Doyle Barred by Claim Preclusion**

Zappin alleges that Doyle assisted Cooper and the Manhattan DA's Office in "manufacturing evidence and criminal charges" in *People v. Zappin* for purposes of "impugning [Zappin's] character" and using the criminal charge as evidence against Zappin in the collateral estoppel disciplinary proceedings. Compl., Doc. 1 ¶¶ 3, 68–73. Zappin alleges claims of conspiracy to commit abuse of process and to engage in First Amendment retaliation under § 1983 against Doyle.

However, his claims against Doyle are barred by *res judicata*, otherwise known as claim preclusion. Under the doctrine, a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236–37 (2d Cir. 2018). The doctrine "serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation." *Id*. at 237 (internal citation and quotation marks omitted) (alteration in original). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id*. (internal citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts

7

essential to the second suit were present in the first suit, *N.L.R.B. v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here, necessitating the dismissal of the claims against Doyle. Doyle, Cooper, and Liebhauser were all defendants in *Zappin v. Doyle*, No. 17 Civ. 8837. Further, while Zappin voluntarily dismissed his claims against Cooper and Liebhauser, his complaint against the other defendants, including Doyle, was dismissed with prejudice pursuant to Rule 41(b) and that dismissal operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). Finally, in *Zappin v. Doyle*, Zappin filed similar and identical claims regarding the alleged unconstitutional collateral estoppel disciplinary proceedings and retaliation against Zappin for the November 2nd Incident police report. The facts and connected series of transactions essential to this action — the November 2nd Incident, the *People v. Zappin* matter,

the collateral estoppel disciplinary proceedings — were all present in the previous action. Even if Zappin did not raise identical claims specifically against Doyle in the previous action, he could have raised them and thus Zappin's claims against Doyle in this action are barred by *res judicata*. Therefore, Zappin's claims against Doyle are dismissed.

### B.     Claims against Yu and Doe

Zappin attests that Yu was the ADA assigned to *People v. Zappin* and that Doe was Yu's "supervisor" in the Manhattan DA's Office on the *People v. Zappin* matter. Compl. ¶¶ 5–6. Zappin alleges, through conclusory statements, that Yu and Doe participated in Liebhauser's investigation of the November 2nd Incident and filing of the criminal complaint in *People v. Zappin*. *Id.* ¶¶ 74–76. Zappin brings claims against Yu and Doe of conspiracy to commit abuse of process and to engage in First Amendment retaliation under § 1983 for the criminal complaint and temporary order of protection in *People v. Zappin*. *Id.* ¶¶ 87–93, 99–104.

The Second Circuit has long held that "prosecutors sued under 42 U.S.C. § 1983 are entitled to absolute immunity from claims for damages arising out of prosecutorial duties that are intimately associated with the judicial phase of the criminal process." *Parkinson v. Cozzolino*, 238 F.3d 145, 150 (2d Cir. 2001) (internal citation and quotation marks omitted). In order to determine whether a prosecutor is entitled to immunity, the court needs to examine "the nature of the function performed" and not merely "the identity of the actor who performed it." *Doe v. Phillips*, 81 F.3d 1204, 1209 (2d Cir. 1996) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). It has been established that a prosecutor has absolute immunity from a claim for damages for "initiating a prosecution and . . . presenting the State's case," *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), and for "filing the criminal information and procuring [an] arrest warrant," *Barr v. Abrams*, 810 F.2d 358, 362 (2d Cir. 1987). Another court in this district has also found that seeking orders of protection falls within traditional prosecutorial functions. *See*

*Thomas v. Cnty. of Putnam*, 262 F. Supp. 2d 241, 249 (S.D.N.Y. 2003) (seeking an order of protection "fall[s] under the rubric of the traditional prosecutorial functions of marshalling evidence, initiating a prosecution, and advocating on behalf of the County"). The Court agrees with this rationale. As Zappin has failed to allege Yu and Doe were involved in any violations outside of their roles in prosecuting *People v. Zappin* and seeking a temporary order of protection over the course of that prosecution, they are entitled to absolute immunity as prosecutors. Therefore, Zappin's claims against Yu and Doe are dismissed.

### IV.   CONCLUSION

For the foregoing reasons, Zappin's claims against Doyle, Yu, and Doe are DISMISSED with prejudice. The orders issued on April 8, 2020 and April 13, 2020, Docs. 6 and 7, are vacated insofar as they directed service of the summons and complaint on Doyle, Yu, and Doe. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court GRANTS Zappin's motion to direct the U.S. Marshal to effectuate service on Cooper and Liebhauser. The Clerk of Court is respectfully directed to complete USM-285 forms with the addresses for Cooper and Liebhauser as listed on the appropriate summonses, Docs. 14 and 15, and to deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service. The Clerk is further directed to terminate the motion, Doc. 16.

It is SO ORDERED.

Dated:   August 17, 2020
         New York, New York

_____
Edgardo Ramos, U.S.D.J.