

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

November 23, 2020

**By ECF**
Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y.  10007

        Re:    *Zappin v. Cooper*, No. 20 Civ. 2669 (ER)

Dear Judge Ramos:

      This Office represents New York State Supreme Court Justice Matthew F. Cooper, a defendant in this action filed by Plaintiff Anthony Zappin. We write pursuant to Section 2.A.ii of Your Honor's Individual Practices to request a conference regarding Justice Cooper's motion to dismiss the Amended Complaint filed November 18, 2020 (ECF No. 33), and to strike certain "immaterial, impertinent, or scandalous matter" therein. Fed. R. Civ. P. 12(b)(6), 12(f).

## Background

      Plaintiff, a disbarred attorney, has filed at least eight unsuccessful lawsuits against Justice Cooper, who presided over most of Plaintiff's divorce action and sanctioned him for misconduct. Now, Plaintiff alleges he filed a police report against Justice Cooper concerning an alleged encounter on a public street. Thereafter, Plaintiff was charged with filing a false police report, and he pleaded guilty to a lesser charge of disorderly conduct. *See generally* Am. Compl.

      Despite his guilty plea, Plaintiff now asserts four claims under 42 U.S.C. § 1983 against Justice Cooper and Lauren Liebhauser, a former investigator with the New York County District Attorney's Office (the "NYDA"). His Amended Complaint alleges: (1) abuse of process, Am. Compl. ¶¶ 94-99; (2) a First Amendment retaliation claim, *id.* ¶¶ 107-111; and two purported conspiracy claims, *id.* ¶¶ 100-106, 112-117.

      On October 30, 2020, defendants filed separate pre-motion letters, citing deficiencies in the original complaint. (ECF Nos. 26-27.) In a response dated November 5, 2020 (ECF No. 28), Plaintiff argued that this action is not time-barred and requested one more day to respond to defendants' letters, which the Court granted. (ECF No. 29.) Instead of filing another letter, Plaintiff filed the Amended Complaint, which fails to cure the defects of his original pleading.

**Plaintiff's Scandalous and Obscene Allegations Should Be Stricken**

"Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Brown v. Maxwell*, 929 F.3d 41, 52 n.42 (2d Cir. 2019) (citation omitted) (discussing Fed. R. Civ. P. 12(f)). The Amended Complaint is rife with scandalous accusations, which Justice Cooper seeks to strike to the extent that they are immaterial. *See* Am. Compl. ¶¶ 1, 3, 7-9, 17, 28-31, 54, 81. For example, Plaintiff labels Justice Cooper a "despicable racist," a slur that has no bearing on his claims. *Id.* ¶ 1. Plaintiff's gratuitous personal attacks on Justice Cooper should be stricken. The same is true of his allegation ascribing obscene and racist comments to an Attorney Grievance Committee staff attorney (*id.* ¶ 74), whom the Court dismissed from the action *sua sponte*. (ECF No. 18.)

**The Amended Complaint Fails To State A Claim Against Justice Cooper**

Plaintiff's claims against Justice Cooper are subject to dismissal for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

***First***, the three-year statute of limitations bars this action. *See Smith v. N.Y.C. Dep't of Educ.*, 524 F. App'x 730, 732 (2d Cir. 2013). A claim alleging abuse of process accrues on the date of arrest. *Hadid v. City of N.Y.*, 730 F. App'x 68, 71 (2d Cir. 2018); *Panetta v. Cassel*, No. 20 Civ. 2255 (PMH), 2020 WL 2521533, at *5 (S.D.N.Y. May 18, 2020) (citing cases). Plaintiff filed this action on March 31, 2020, more than three years after his arrest on March 28, 2017 and the issuance of a state court order of protection the next day. Am. Compl. ¶¶ 25, 36, 38, 41. The Amended Complaint also fails to allege any facts in connection with Plaintiff's First Amendment retaliation and conspiracy claims in the three years prior to the filing of this action.

Plaintiff's contrary argument in his November 5, 2020 letter is meritless. Plaintiff relies on Governor Cuomo's Executive Order 202.8, dated March 20, 2020, which tolled certain statutes of limitations pursuant to "the directive of the Chief Judge of the State to limit court operations to essential matters during the … COVID-19 health crisis," and thus was expressly limited to the New York State Courts. This Court has issued no such order. Plaintiff also relies on a case that considered – and rejected – tolling the statute of limitations based on the state law doctrine of equitable estoppel. *See Pearl v. City of Long Beach*, 296 F.3d 76 (2d Cir. 2002) (citations omitted). That doctrine may apply "where the defendant conceals from the plaintiff the fact that he has a cause of action [or] where the plaintiff is aware of his cause of action, but the defendant induces him to forego suit until after the period of limitations has expired." *Id.* at 82. There is no such allegation here. Instead, Plaintiff sat on his rights for three years. Accordingly, all claims against Justice Cooper should be dismissed as time-barred.

***Second***, judicial immunity bars all claims against Justice Cooper. Plaintiff alleges that Justice Cooper "used his position as a Justice … to improperly influence" the NYDA (Am. Compl. ¶ 7), and was motivated by animus arising out of the divorce action. *See id.* ¶¶ 7-10, 16, 20, 29-30. To that extent, Justice Cooper is absolutely immune from suit. *See, e.g., Pacherille v. Burns*, 30 F. Supp. 3d 159, 164-65 (N.D.N.Y. 2014) (holding judge immune from suit for filing harassment charges against a party who protested his handling of a criminal case).

Plaintiff may contend that as the complaining witness in his criminal case, Justice Cooper was acting as a private individual rather than as a State judge. *See, e.g.*, Am. Compl. ¶¶ 3, 16. If so, his claims fail because Justice Cooper was not acting "under color of state law," as is required to state a claim under Section 1983. *West v. Atkins*, 487 U.S. 42, 49 (1988). It is well settled that cooperating with a police investigation and acting as a complaining witness in a criminal case – tasks that any person may perform – do not constitute state action for purposes of Section 1983. *See Whitnum v. Emons*, 683 F. App'x 71, 72 (2d Cir. 2017) (dismissing Section 1983 claim because judge's complaint that plaintiff was "stalking" her was not made under color of state law); *Betts v. Shearman*, 751 F.3d 78, 81 (2d Cir. 2014) (holding that defendant who allegedly made false allegations to police did not act under color of law); *Valez v. City of N.Y.*, No. 08 Civ. 3875 (DLC), 2008 WL 5329974, at *4 (S.D.N.Y. Dec. 16, 2008) (holding that defendants were not state actors where complaint alleged "in conclusory fashion" that they ordered the police to arrest plaintiff and "failed to perform their investigation 'properly'").

Plaintiff cannot have it both ways. Justice Cooper is absolutely immune from suit for any acts in his judicial capacity, and his alleged private conduct is not actionable under Section 1983.

***Third***, Plaintiff has failed to state a claim. His abuse of process claim fails because Justice Cooper did not use "regularly issued legal process to compel performance or forbearance of some act." *Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 340-41 (E.D.N.Y. 2006) (listing elements) (citing *Savino v. City of N.Y.,* 331 F.3d 63, 76 (2d Cir. 2003)). "[R]eporting a crime to law enforcement and giving testimony does not constitute 'initiation' of a criminal prosecution." *Curanaj v. Cordone*, No. 10 Civ. 5689 (ER), 2012 WL 4221042, at *16, n.12 (S.D.N.Y. Sept. 19, 2012). Plaintiff also fails to allege that Justice Cooper harbored the requisite collateral objective. *See Ostroski*, 443 F. Supp. at 341 (holding that an alleged "malicious motive alone ... does not give rise to a cause of action for abuse of process."); *Vincent v. Winski*, No. 14 Civ. (VSB), 2018 WL 1441370, at *13 (S.D.N.Y. Mar. 22, 2018) (holding that plaintiff's "conclusory assertion[s]" did not plausibly allege that criminal complaints "were crafted" for collateral purpose). Thus, the abuse of process claim should be dismissed.

The Amended Complaint also fails to allege the elements of First Amendment retaliation. For example, it does not plausibly allege that Justice Cooper's actions – cooperating with the NYDA investigation and signing a supporting deposition – were "motivated or substantially caused by" Plaintiff's alleged public criticism of him. *See, e.g., Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (citing *Curley v. Village of Suffern,* 268 F.3d 65, 73 (2d Cir. 2001)).

Finally, Plaintiff's vague and conclusory allegations do not support a conspiracy claim. To the contrary, it is well established that cooperating with law enforcement, or even filing a criminal complaint, fails to "show conspiracy or actions in concert that are necessary to establish a § 1983 violation; otherwise complainants in all arrests could be subject to retaliatory § 1983 actions." *Bravo v. Bexar Cty.*, No. 12 Civ. 4009 (MKB), 2014 WL 1155302, at *6 (E.D.N.Y. Mar. 21, 2014). *See also Tobias v. Cty. of Putnam*, 191 F. Supp. 2d 364, 380 (S.D.N.Y. 2002) (filing criminal complaint is insufficient to establish that defendant acted under color of state law within the meaning of Section 1983). Thus, the Amended Complaint fails to state a claim.

We appreciate the Court's continued attention to this matter.

Hon. Edgardo Ramos  Page 4 of 4
November 23, 2020

                        Respectfully,

                        /s/

                        Michael A. Berg
                        Assistant Attorney General

cc: Anthony Zappin, Esq.
    Robin McCabe, Esq.