

**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000

**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

November 23, 2020

**BY ECF**
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 619
New York, NY 10007

Re: *Anthony Zappin v. Matthew F. Cooper, et al.*, 20 Civ. 2669 (ER)

Dear Judge Ramos:

I am the Assistant District Attorney representing defendant Lauren Liebhauser, former Senior Investigator with the New York County District Attorney's Office, in the above referenced matter. In accordance with Your Honor's Individual Rules, I write to respectfully request that the Court schedule a pre-motion conference in anticipation of Investigator Liebhauser's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

By way of brief history (as it relates to Liebhauser), on March 28, 2017, plaintiff *pro se* Anthony Zappin was arrested in New York County for falsely reporting an incident in the third degree (NY Penal Law §245.50[3][a]), a class A misdemeanor. He subsequently pleaded guilty on September 19, 2017 to disorderly conduct, a violation (NY Penal Law §240.20). In his amended complaint, filed on November 18, 2020, plaintiff seeks compensatory and punitive damages and asserts 42 USC §1983 claims of malicious abuse of process, First Amendment retaliation, and derivative conspiracy claims against Investigator Liebhauser in her individual capacity for her alleged lapses, fabricated statements, and suppression of exculpatory video evidence during the investigation, arrest, and prosecution of plaintiff for the aforementioned crime. (See generally, ECF Doc. 33, ¶¶ 19-25, 32-41, 63-67, 82-85, 91.)

---

[1] A previous request for a pre-motion conference in connection with the original complaint was rendered moot when plaintiff filed his amended complaint pursuant to FRCP 15(a)(1)(B).

The grounds upon which Investigator Liebhauser seeks to file a motion to dismiss include untimeliness, failure to state a claim, lack of personal involvement, and qualified immunity, as follows:

(1) Having filed the current suit on March 31, 2020, more than three years after his March 28, 2017 arrest for filing a false police report, plaintiff's claims are time-barred. *See, e.g., Hadid v. City of New York,* 730 Fed. Appx. 68, 71 (2d Cir. 2018). Recent pandemic-related executive orders issued by the Governor of New York are not applicable here since Plaintiff has failed to make an equitable state tolling claim and there is no state judicial remedy required prior to commencing a separate and independent § 1983 federal action. *Bd. Of Regents v. Tomanio*, 446 U.S. 478, 485-489, 491 (1980).

(2) Plaintiff may not recover damages in a §1983 action when he ultimately pleaded guilty. A guilty plea establishes probable cause, which is a complete defense to the abuse of process and retaliation claims; and, in turn fatal to the derivative conspiracy claims. *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003); *Curley v. Vill. Of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *Richardson v. N.Y. City Health & Hosps. Corp.*, 05 Civ. 6278 (RJS), 2009 U.S. Dist. LEXIS 25247, *48-49 (S.D.N.Y. Mar. 25, 2009).

(3) Plaintiff has failed to allege any collateral purpose beyond his criminal prosecution to survive a motion to dismiss the abuse of process claim. *Savino*, 331 F.3d at 76. Nor has he alleged a requisite objective harm or personal involvement by Investigator Liebhauser to sustain the First Amendment retaliation claim. *Richardson*, 2009 U.S. Dist. LEXIS 25247, at *56.

(4) Alternatively, Investigator Liebhauser is entitled to qualified immunity as a matter of law based on the objective reasonableness of her investigation and arrest of plaintiff based on probable cause. *Malley v Briggs*, 475 US 335, 341 (1986).

For these reasons, I respectfully request the opportunity to discuss Investigator Liebhauser's anticipated motion at a date specified by the Court, or in the alternative, that a motion schedule be set.

Respectfully submitted,

Robin McCabe
Assistant District Attorney
Senior Investigative Counsel

cc: All Parties [By ECF]