# Anthony Zappin

1827 Washington Blvd. • Huntington, WV 25701 • Phone: (304) 730-4463
E-Mail: anthony.zappin@gmail.com

Date: December 10, 2020

**VIA CM/ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re: *Zappin v. Cooper et al.* – Case No. 1:20-cv-2669-ER

Dear Judge Ramos:

    I write in response to Defendants' letter motions requesting a conference concerning their filing of motions to dismiss Plaintiff's Amended Complaint in this matter. Plaintiff's response was due on December 4, 2020. Accordingly, Plaintiff requests leave to file this response out of time. Plaintiff has been seriously ill with an infection since last week[1] while also in the midst of final exams, several pressing professional deadlines and deadlines in other matter.

    A.    <u>Plaintiff's Claims Are Not Time-Barred</u>

    Plaintiff's claims against Defendants are not time-barred. As Plaintiff pointed out in his prior letter, Governor Cuomo tolled the statute of limitations with Executive Order 202.8. It is black letter law that the "statute of limitations for claims brought under Section 1983 is governed by state law …." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). More importantly, the "Supreme Court has instructed that in section 1983 actions, [the court] borrow[s] not only a state's limitations period but also its 'tolling rules.'" *Peral v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (*citing Board of Regents v. Tomanio*, 446 U.S. 478, 484-86 (1980)).

    Governor Cuomo's Executive Order 202.8 tolling the statute of limitations in New York applies to Section 1983 cases. Indeed, this issue has already been dedicated by a sister court in the Eastern District of New York. (*See* Attachment A.) Justice Cooper's statute of limitations defense is meritless.

    B.    <u>Justice Cooper Is Not Entitled to Judicial Immunity</u>

    Justice Cooper is not entitled to judicial immunity. The altercation between Plaintiff and Justice Cooper took place on the street, not inside a courtroom. His request that Plaintiff be arrested and his exertion of influence over the Manhattan District Attorney's Office to prosecute Plaintiff were not actions taken within the context of a case or judicial proceeding before him or in "the course of [his] performance of court-appointed duties." *Pertilla v. Genetic Design, Inc.*, 634 N.Y.S.3d 1006, 1007 (N.Y. Sup. Ct. 1995); *see also Sassower v. Signorelli*, 472 N.Y.S.3d

---

[1] To the extent necessary, Plaintiff can provide his medical records to the Court for *in camera* review.

717, 718 (N.Y. 2nd Dept. 1984). Consequently, Justice Cooper did not act within his judicial capacity entitling him to judicial immunity.

C. Justice Cooper Acted Under Color of State Law in Seeking Prosecution of Plaintiff

While Justice Cooper may not have been acting in his judicial capacity in exerting influence and seeking to have Plaintiff prosecuted by the Manhattan District Attorney's Office, he was acting under color of state law. As the Amended Complaint alleges, Justice Cooper used his status and position on the bench to lobby the Manhattan District Attorney's Office to reopen Plaintiff's police report and to prosecute Plaintiff – an action Justice Cooper could have only accomplished as a result of his position on the bench. *See* Am. Compl.; *see also U.S. v. Classic*, 313 U.S. 299, 326 (1941) ("Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law."). Furthermore, Justice Cooper used state resources to facilitate the reopening of the case and the prosecution of Plaintiff, namely his court-assigned e-mail address to communicate with prosecutors and court staff to facilitate his actions as complaining witness. *See* Am. Compl.; *see also Kohler v. City of Wapakoneta*, 381 F.Supp.3d 692, 711 (N.D.Ohio. 2005) (holding that use of state assigned e-mail to send harassing photographs "was an action taken under color of state law"); *Skinner v. Ry. Labor Executives' Assoc.*, 489 U.S. 602, 614-15 (holding that "defendant's use of government resources, including government employees" to facilitate the complained of action was action under color of state law). In other words, by using state resources, Justice Cooper's prosecution of Plaintiff as a complaining witness was not "private conduct" beyond the reach of Section 1983.

D. Plaintiff Has Sufficiently Plead a Claim for Abuse of Process

Justice Cooper's assertion that Plaintiff has failed to plead a claim for abuse of process is meritless. First, Justice Cooper asserts that he was merely a complaining witness to the Manhattan District Attorney's Office and that he did not issue or employ any process. This argument fails. It is well-settled that a third party may be liable for a claim of abuse of process where they supplied information that "influenced a decision whether to prosecute." *Levy v. City of New York*, 935 F.Supp.3d 575, 588 (E.D.N.Y. 2013). The Amended Complaint plainly alleges that Justice Cooper provided information, mostly false, that "influenced" the Manhattan District Attorney's Office to reopen Plaintiff's police report and to ultimately prosecute Plaintiff. (*See* Am. Compl. at 79-85.) Moreover, the Amended Complaint further alleges that Justice Cooper instigated, induced, promoted and facilitated Plaintiff's prosecution. *See id.*; *see also Vlach v. Staiano*, 2014 WL 2927161, at *4-5 (N.D.N.Y. 2014).

Second, Justice Cooper's contention that Plaintiff had failed to allege an improper ulterior motive in instigating, promoting and facilitating Plaintiff's prosecution is ostensibly false and put forth in bad faith. The Amended Complaint alleges a host of ulterior motives – many of which were admitted to by the Manhattan District Attorney's Office at Plaintiff's arraignment. (*See* Am. Compl. at ¶¶ 91-93.) The improper ulterior motives include, but are not limited to:

- to retaliate against Plaintiff for exercising his First Amendment rights by helping to maintain two (2) websites critical of Justice Cooper;

- to retaliate against Plaintiff for exercising his right to redress by bringing a civil action in this Court concerning Justice Cooper's unethical, unlawful and extrajudicial dissemination of the September 18, 2015 sanctions decision to the press and tabloids;

- to retaliate against Plaintiff for exercising his right to redress by bringing an action against Justice Deborah Kaplan and her Court Officer in the New York Court of Claims in April 2015;

- to retaliate against Plaintiff for exercising his First Amendment right to file reports with Justice Cooper's superiors and the Judicial Commission about his repeated acts of misconduct and unethical behavior;

- to retaliate against Plaintiff for exercising his right to redress by filing a civil suit against Justice Cooper in New York County Supreme Court concerning the November 2, 2016 incident;

- to try to financially bankrupt Plaintiff with continued attorneys' fees through multiple collateral proceedings initiated by Justice Cooper; and

- most importantly, to try to manufacture additional evidence and fodder for the collateral estoppel attorney disciplinary proceeding Justice Cooper instigated against Plaintiff with fabricated findings in *Zappin v. Comfort*.

(*See id.*)

    E. <u>Defendant Liebauser's Claim that Plaintiff's Abuse of Process Claim Fails Because of a Guilty Plea is Wrong as a Matter of Law</u>

  Defendant Liebhauser asserts that because Plaintiff pled guilty to a non-criminal violation that Plaintiff's abuse of process claim fails. This is false as a matter of law. "Under New York law, favorable termination is not an element of [an] abuse of process claim." *Pinter v. City of New York*, 976 F.Supp.2d 539, 570 (S.D.N.Y. 2013); *Brown v. Edwards*, 721 F.2d 1442, 1449 n. 8 (5th Cir. 1984) ("At common law, a civil damage suit for abuse of process is not necessarily barred merely because the criminal (or other) proceeding … has not terminated favorably to … plaintiff…").

    F. <u>Defendant Liebhauser is Not Entitled to Qualified Immunity</u>

  Despite her contention. Defendant Liebhauser is not entitled to qualified immunity with respect to Plaintiff's abuse of process claim. "Qualified immunity shields government officials from liability in their individual capacity if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lauro v. Charles*, 219 F.3d 202, 214 (2d Cir. 2000). "In the criminal context, malicious abuse of process is by definition a denial of procedural due process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (internal quotation marks and citation omitted). "Procedural due process forbids the use of the legal process for wrongful purpose." *Id.* Consequently, based on the allegations in the

Amended Complaint supporting Plaintiff's abuse of process claim, it cannot be said that Defendant Liebhauser did not violate Plaintiff's clearly established rights as a matter of law.

      G.      Justice Cooper's Request to Strike Portions of Plaintiff's Amended Complaint That References His Racist Behavior and Statements Is Frivolous

Justice Cooper's request to strike portions of the Amended Complaint is frivolous. Specifically, Justice Cooper asks the Court to strike the portions of the Amended Complaint that refer to him as a racist and cite to him making racist and bigoted statements. Unfortunately, there is nothing scandalous about pointing or referring racist statements and dog-whistles that publicly came out of Justice Cooper's own mouth at a Continuing Legal Education presentation. Indeed, Justice Cooper admitted that he targeted black men with contempt stating that driving "Range Rovers, Escalades and High End Lexuses" was "*prima facia* evidence of incarceration." *See* "Justice Matthew F. Cooper – New York's Openly Racist Judge," *available at* https://www.youtube.com/watch?v=uD4DA4e8els.

Moreover, Plaintiff stating a fact that Justice Cooper is a racist is material and relevant to this proceeding. As an initial matter, Justice Cooper's admission that he abuses his position on the bench to target black men with imprisonment based on the car that they drive illustrates that Justice Cooper is unethical and corrupt. He is precisely the type of abusive judicial officer that would also be willing to improperly and corruptly wield his judgeship to exert and influence the Manhattan District Attorney's Office to prosecute Plaintiff, his apparent enemy.

More importantly, as pointed out in the Amended Complaint, Justice Cooper's co-conspirator in the scheme to have Plaintiff arrested – Staff Attorney Kevin M. Doyle at the Attorney Grievance Committee – mocked Plaintiff's former counsel that Plaintiff was getting raped by "big black cock" in Riker's Island after Plaintiff was arrested. (*See* Am. Compl. at ¶ 74.) These statements by Mr. Doyle were undoubtedly racist, bigoted and beyond the pale. What's more, given Justice Cooper's penchant for misconduct and threatening behavior – ranging from calling litigants "Bed-Pooping Cokeheads"[2] to threatening Plaintiff to physical "rumble" in his courtroom during the *Zappin v. Comfort* child custody trial and everything in-between – the statements were likely parroted straight out of the mouth of Justice Cooper – an admitted racist as evidenced by the video cited above. The fact that Justice Cooper's co-conspirator in the scheme would mock Plaintiff with racist and bigoted statements about the arrest Justice Cooper facilitated only serves as compelling evidence of an improper ulterior motive in seeking to have Plaintiff prosecuted. As such, the statements and citations concerning Justice Cooper's racism are relevant to the allegations in this proceeding and should not be struck.

---

    [2] *See* "Divorce Judge Slams 'Bed-Pooping, Cokehead' Banker, Alcoholic Wife," https://nypost.com/2015/01/08/judge-blasts-banker-wife-for-horrible-fiasco-of-a-divorce/

      I thank the Court for its attention to this matter and its continued courtesies.

                                              Respectfully,

                                              Anthony Zappin

Enclosures

cc:  All parties and counsel (CM/ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
ALFREDO BONILLA,

                Plaintiff,

       - against -

CITY OF NEW YORK, FRANCESCO
ALLEVATO, Individually, and JOHN AND
JANE DOE 1 through 10, Individually, (the
Names John and Jane Doe being fictitious,
as the true names are presently unknown),

                Defendants.
-------------------------------------------------------- x

**MEMORANDUM & ORDER**

Case No. 20-cv-1704 (RJD) (LB)

DEARIE, District Judge

      Defendants City of New York, Detective Francesco Allevato, and John and Jane Doe 1 through 10 move to set aside Magistrate Judge Bloom's October 3, 2020 Order granting Plaintiff leave to file an amended complaint joining additional defendants. Defendants argue that such an amendment would be futile given the expiration of the applicable three-year statute of limitations, which, in their view, was not tolled pursuant to Governor Cuomo's Executive Order 202.8 temporarily tolling the time limits for the commencement of legal actions in light of the pandemic. For the following reasons, Defendants' arguments are unavailing and Magistrate Judge Bloom's decision was not clearly erroneous or contrary to law.

### FACTUAL BACKGROUND

      On March 20, 2020, Governor Cuomo issued Executive Order 202.8 declaring a state of emergency due to the COVID-19 pandemic and accordingly, among other things, tolling the time limits for filing legal actions as prescribed by the state's procedural laws. On April 6, 2020, Plaintiff filed this action under 42 U.S.C. § 1983, alleging that on April 18, 2017, he was falsely arrested, falsely imprisoned, and unlawfully strip-searched. ECF No. 1, Complaint ¶¶ 12-30. In

1

addition to the City of New York and Detective Allevato, Plaintiff named ten "Doe" defendants as Plaintiff claims their identities were unknown at the time. On May 12, 2020, Defendants requested a 90-day extension to answer the Complaint, citing the pandemic as a primary reason, see ECF No. 2, and the extension was granted, May 13, 2020 Docket Entry.

An initial conference was held on September 10, 2020, during which Plaintiff's desire to amend the complaint was discussed. The next day, Magistrate Judge Bloom issued an electronic order directing counsel for the City to ascertain the identities of the Doe defendants and produce them to Plaintiff by September 25, 2020. September 11, 2020 Docket Entry. Plaintiff was directed to serve Defendants with a proposed amended complaint by October 9, 2020. Id. Three days after Defendants produced the names of the Doe defendants to Plaintiff on September 25, 2020, Plaintiff requested leave to file an amended complaint on or before October 4, 2020: the day the Executive Order 202.8 toll was to expire.[1] ECF No. 13. Magistrate Judge Bloom granted the request and Plaintiff filed his amended complaint on October 4, 2020. ECF Nos. 15, 16.

Defendants argue Magistrate Judge Bloom erred in concluding that Executive Order 202.8 tolls the statute of limitations as to Plaintiff's Section 1983 claims because, in their view, the executive order only applies to state court actions and is not a state "tolling rule" applicable to Section 1983 claims under controlling Supreme Court precedent. Plaintiff argues Executive Order 202.8 is a "tolling rule" per controlling precedent and Defendants' argument as to Governor Cuomo's intent in enacting it is irrelevant.

---

[1] Per Executive Order 202.67, the toll was later extended through November 3, 2020. It has not since been further extended, with exceptions not relevant here. See Exec. Order 202.72.

## STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure and its enabling statute, the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), provide that a district court shall modify or set aside a magistrate's order on a non-dispositive matter only to the extent it is "clearly erroneous" or "contrary to law." The Second Circuit has characterized a motion to amend the complaint as an example of a non-dispositive motion. Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007). While some courts in this circuit have suggested that a motion for leave to amend may be dispositive when denied, Sokol Holdings, Inc. v. BMB Munai, Inc., No. 05-cv-3749 (KMW), 2009 WL 3467756, at *3-*4 (S.D.N.Y. Oct. 28, 2009) (collecting cases), no such conclusion is warranted when the motion is granted. See Louis v. Metro. Transit Auth., No. 12-cv-6333 (ILG), 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014) ("District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive.") (alteration in original) (quoting Tyree v. Zenk, No. 05-cv-2998 (KAM), 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009) (collecting cases)) (internal quotation marks omitted).

Under the "clearly erroneous" standard, a district court may reverse a magistrate's finding only if it is "left with the definite and firm conviction that a mistake has been committed." Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers, Ltd., 190 F.3d 64, 67-68 (2d Cir. 1999) (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985)) (internal quotation marks omitted). Similarly, under the "contrary to law" standard of review, a district court may reverse a magistrate's decision only if the magistrate "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." Catskill Dev., LLC v. Park Place Ent. Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

3

**DISCUSSION**

In granting leave to amend, Magistrate Judge Bloom properly applied Rule 15 of the Federal Rules of Civil Procedure and controlling precedent. Leave to amend should be "freely give[n] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), and may be denied "where such amendment would be futile." Faria v. Perez, No. 04-cv-2411 (RRM), 2008 WL 398433, at *2 (E.D.N.Y. Feb. 11, 2008); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (listing "futility of amendment" as a reason to deny leave to amend). "A motion to amend the complaint may be considered futile if the claims or parties sought to be added are barred by the relevant statute of limitations." Northbrook Nat. Ins. Co. v. J & R Vending Corp., 167 F.R.D. 643, 647 (E.D.N.Y. 1996) (citing Deluca v. Atl. Ref. Co., 176 F.2d 421 (2d Cir. 1949), cert. denied, 338 U.S. 943 (1950)).

In a Section 1983 action, a federal court in New York is to apply the three-year statute of limitations period applicable to state personal injury actions pursuant to C.P.L.R. § 214. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)). In addition, federal courts "apply the New York rule for tolling that statute of limitations." Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478, 483 (1980). However, the Court is not to apply the state tolling rule if it would "defeat the goals" of Section 1983. Abbas v. Dixon, 480 F.3d 636, 641 (2d Cir. 2007).

Defendants argue that Executive Order 202.8 is not a state "tolling rule" that impacts the statute of limitations applicable to Section 1983 claims. Def. Mem. at 7-8. Therefore, they claim, Plaintiff's amendment was untimely since the statute of limitations expired three years after the claim accrued: on April 18, 2020. Id. at 14. Magistrate Judge Bloom's rejection of this argument was neither clearly erroneous nor contrary to law. As a threshold matter, Executive Order 202.8

does not "defeat the goals" of Section 1983. See Abbas, 636 F.3d at 641. Rather, it advances the goals of "deterrence and compensation" by permitting Plaintiff ample time to pursue his claims during a global pandemic. See ECF No. 15 at 4.

The Second Circuit has concluded that "[b]ecause the Supreme Court wanted section 1983 actions to be subject to state 'tolling rules,' it seems likely that both statutory and common law rules are to be borrowed." Pearl, 296 F.3d at 81. Executive Order 202.8 tolls "any specific time limit for the commencement, filing, or service of any legal action . . . as prescribed by the procedural laws of the state." There is no question that the state's "procedural laws" governing tolling are "tolling rules" that should be "borrowed." Pearl, 296 F.3d at 81. As such, Magistrate Judge Bloom's decision to "rely[] on the State's wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim," see Tomanio, 446 U.S. at 486, in applying the executive order to Plaintiff's Section 1983 claims is not clearly erroneous or contrary to law.

While it appears a higher court has not addressed whether a state executive order constitutes such a tolling rule, a court in the Southern District of New York recently considered whether the toll pursuant to Executive Order 202.8 should be "borrowed" in the context of the False Claims Act, which, like Section 1983, does not provide a federal statute of limitations. See Citi Connect, LLC v. Local Union No. 3, IBEW, No. 20-cv5147 (CM), 2020 WL 5940143, at *3-*4 (S.D.N.Y. Oct. 7, 2020). In Citi Connect, Chief Judge McMahon distinguished the only pertinent case addressing this question, Weslowski v. Zugibe, 14 F. Supp. 3d 295, 307 (S.D.N.Y. 2014) (declining to apply executive order tolling state statutes of limitation where Congress had enacted federal statute of limitations), and ultimately concluded that the executive order should toll the federal statute of limitations as well. Id. at *4. Judge McMahon also rested

her decision on the fact that the non-moving party would not be harmed by the toll since the moving party lost on the merits. Id. The same reasoning applies here as Defendants have not established any prejudice by the granting of Plaintiff's motion.

## CONCLUSION

In granting Plaintiff's motion for leave to amend his complaint, Magistrate Judge Bloom did not clearly err or misapply the law. The Court affirms the October 3, 2020 Order.

SO ORDERED.

Dated: Brooklyn, New York　　　　　　　　　/s/ Raymond J. Dearie
　　　　November 10, 2020　　　　　　　　　RAYMOND J. DEARIE
　　　　　　　　　　　　　　　　　　　　　　United States District Judge