UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY ZAPPIN,

Plaintiff,

against

MATTHEW F. COOPER *et al.*,

Defendants.

No. 20 Civ. 2669 (ER)

**MEMORANDUM OF LAW IN SUPPORT OF THE
<u>HONORABLE MATTHEW F. COOPER'S MOTION TO DISMISS</u>**

LETITIA JAMES
Attorney General
State of New York
28 Liberty Street
New York, New York 10005
(212) 416-8651
*Attorney for State Defendant*

MICHAEL A. BERG
Assistant Attorney General

# Table of Contents

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .............................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................ 2

   A.  The Parties ........................................................................................................... 2

   B.  Justice Cooper Sanctions Plaintiff for a "Maelstrom of Misconduct"................................ 2

   C.  Plaintiff Is Disbarred in New York and the District of Columbia ...................................... 4

   D.  Plaintiff's First Federal Action Against Justice Cooper Is Dismissed............................... 4

   E.  Plaintiff Sues in State Court Over the November 2 Incident .............................................. 5

   F.  The Current Allegations Concerning November 2 Incident ............................................... 6

   G.  Plaintiff Is Charged With Filing A False Police Report ..................................................... 7

   H.  The Criminal Court Issues an Order of Protection Against Plaintiff................................. 8

   I.  Plaintiff Pleads Guilty to a Reduced Charge of Disorderly Conduct ................................ 8

   J.  Plaintiff Files This Action................................................................................................. 9

PLEADING STANDARDS........................................................................................................ 10

ARGUMENT .............................................................................................................................. 11

   I.    THE THREE-YEAR STATUTE OF LIMITATIONS BARS THIS ACTION........... 11

   II.   RES *JUDICATA* BARS PLAINTIFF'S CLAIMS ...................................................... 15

   III.   ABSOLUTE JUDICIAL IMMUNITY BARS THIS ACTION ............................... 16

   IV.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM........................... 19

     A.  Plaintiff Fails To State A Claim For Malicious Abuse of Process ........................... 19

     B.  Plaintiff Fails to State a First Amendment Retaliation Claim .................................. 22

     C.  The Amended Complaint Fails To State A Conspiracy Claim................................. 24

   V.   CERTAIN SCANDALOUS MATERIAL SHOULD BE STRICKEN........................ 25

CONCLUSION.......................................................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agosto v. New York City Dep't of Educ.*,
982 F.3d 86 (2d Cir. 2020) ................................................................................... 22-23

*Allen v. Antal*,
665 F. App'x 9 (2d Cir. 2016) ............................................................................. 21, 23

*Arena v. Dept. of Soc. Servs. of Nassau Cty.*,
216 F. Supp. 2d 146, 153 (E.D.N.Y. 2002) ................................................................ 17

*Arista Records, LLC v. Doe 3*,
604 F.3d 110 (2d Cir. 2010) ................................................................................... 10

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) ................................................................................. 10, 23

*Bank v. Sirlin*,
830 F. App'x 690 (2d Cir. 2020) ............................................................................... 11

*Barrett v. Harrington*,
130 F.3d 246 (6th Cir. 1997) ................................................................................... 18

*Beck v. Prupis*,
529 U.S. 494 (2000) ............................................................................................... 24

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................... 10

*Betts v. Shearman*,
751 F.3d 78 (2d Cir. 2014) ..................................................................................... 19

*Bonilla v. City of New York*,
No. 20 Civ. 1704 (RJD) (LB), 2020 WL 6637214 (E.D.N.Y. Nov. 12, 2020) .............. 13-14

*Bradley v. Fisher*,
80 U.S. 335 (1871) ................................................................................................. 17

*Bravo v. Bexar Cty.*,
No. 12 Civ. 4009 (MKB), 2014 WL 1155302 (E.D.N.Y. Mar. 21, 2014) ......................... 24

*Brown v. Maxwell*,
929 F.3d 41 (2d Cir. 2019) ..................................................................................... 25

*Burke v. Verizon Commc'ns, Inc.*,
2020 WL 6538748 (S.D.N.Y. Nov. 6, 2020) ............................................................... 10

*Carley v. Lawrence*,
    24 Fed. App'x 66, 67 (2d Cir. 2001) ................................................................ 17

*Citi Connect, LLC v. Local Union No. 3, IBEW*,
    No. 20 Civ. 5147 (CM), 2020 WL 5940143 (S.D.N.Y. Oct. 7, 2020) .................... 13-14

*Chambers v. Time Warner, Inc*,
    282 F.3d 147, 153 (2d Cir. 2002) ................................................................... 10

*Clark v. Kitt*,
    2014 WL 4054284 (S.D.N.Y. Aug. 15, 2014) ...................................................... 10

*Coleman v. City of New York*,
    585 F. App'x 787 (2d Cir. 2014) ....................................................................... 22

*Cook v. Sheldon*,
    41 F.3d 73, 80 (2d Cir. 1994) .......................................................................... 20

*Curanaj v. Cordone*,
    No. 10 Civ. 5689 (ER), 2012 WL 4221042 (S.D.N.Y. Sept. 19, 2012) .................. 20

*Curley v. Village of Suffern,*
    268 F.3d 65, 73 (2d Cir. 2001) ........................................................................ 23

*Curtis v. Citibank, N.A.*,
    226 F.3d 133, 138 (2d Cir. 2000) .................................................................... 15

*Danping Li v. Gelormino*,
    2019 WL 1957539 (D. Conn. May 2, 2019) ........................................................ 2

*Dejose v. New York State Dep't of State*,
    No. 89 Civ. 3761, 1990 WL 263501 (E.D.N.Y. Nov. 13, 1990), *aff'd*, 923 F.2d 845
    (table) (2d Cir. Dec. 12, 1990) ........................................................................ 17

*DiBlasio v. Novello*,
    344 F.3d 292 (2d Cir. 2003) ............................................................................ 17

*Dorsett v. Cty. of Nassau*,
    732 F.3d 157 (2d Cir. 2013) ............................................................................ 23

*Dowd v. DeMarco*,
    314 F. Supp. 3d 576 (S.D.N.Y. 2018) ............................................................ 20-21

*Duamutef v. Morris*,
    956 F. Supp. 1112 (S.D.N.Y. 1997) .............................................................. 11, 23

*Giannone v. York Tape & Label, Inc.*,
    548 F.3d 191 (2d Cir. 2008) ......................................................................... 15-16

*Graham v. Select Portfolio Servicing, Inc.*,
    156 F. Supp. 3d 491 (S.D.N.Y. 2016) ............................................................... 10

*Hadid v. City of New York,*
  No. 15 Civ. 19 (WFK) (RER), 2015 WL 7734098 (E.D.N.Y. Nov. 30, 2015), *aff'd,*
  730 F. App'x 68 (2d Cir. 2018) ......................................................................................... 11

*Hudson v. Forman,*
  No. 19 Civ. 9637 (CM), 2019 WL 6312004 (S.D.N.Y. Nov. 25, 2019) ............................. 15

*Huminski v. Corsones,*
  386 F.3d 116 (2d Cir.2004) ................................................................................................ 18

*Johnson v. City of New York,*
  No. 18 Civ. 6256 (RA), 2020 WL 2732068 (S.D.N.Y. May 26, 2020) ............................. 24

*Joseph v. Northwood Grp., LLC,*
  2009 WL 2252336 (S.D.N.Y. July 23, 2009) ..................................................................... 23

*Kislowski v. Kelley,*
  No. 19 Civ. 218 (FJS) (CFH), 2020 WL 495059 (N.D.N.Y. Jan. 30, 2020) ...................... 11

*Kramer v. Time Warner Inc.,*
  937 F.2d 767, 774 (2d Cir. 1991) ....................................................................................... 10

*Krepps v. Reiner,*
  377 F. App'x 65 (2d Cir. 2010) .......................................................................................... 15

*Lawtone-Bowles v. Katz,*
  No. 14 Civ. 606 (CS), 2016 WL 6834018 (S.D.N.Y. Nov. 17, 2016) ................................ 23

*Leibovitz v. City of New York,*
  No. 14 Civ. 7106 (KAM) (LB), 2018 WL 1157872 (E.D.N.Y. Mar. 2, 2018) ................... 14

*Lewittes v. Lobis,*
  No. 04 Civ. 0155 (JSR) (AJP), 2004 WL 1854082 (S.D.N.Y. Aug. 19, 2004) .................. 17

*Libertarian Party of Erie Cty. v. Cuomo,*
  970 F.3d 106 (2d Cir. 2020) ................................................................................................ 9

*Matter of Zappin,*
  160 A.D.3d 1, 73 N.Y.S.3d 182 (2018) ........................................................................... 1, 4

*McKeefry v. Town of Bedford,*
  No. 18 Civ. 10386 (CS), 2019 WL 6498312 (S.D.N.Y. Dec. 2, 2019) ............................. 12

*Mireles v. Waco,*
  502 U.S. 9 (1991) ............................................................................................................... 16

*Monahan v. N Y.C. Dep't of Corr.,*
  214 F.3d 275 (2d Cir. 2000) .............................................................................................. 15

*Mozzochi v. Borden,*
  959 F.2d 1174 (2d Cir.1992) ............................................................................................. 23

iv

*Nunez v. Mitchell*,
  No. 17 Civ. 9734 (AJN),2018 WL 4301370 (S.D.N.Y. Sept. 10, 2018) ............................ 13

*Ostroski v. Town of Southold*,
  443 F. Supp. 2d 325 (E.D.N.Y. 2006) ..................................................... 20, 21

*Pacherille v. Burns*,
  30 F. Supp. 3d 159 (N.D.N.Y. 2014) ........................................................ 18

*Panetta v. Cassel*,
  No. 20 Civ. 2255 (PMH), 2020 WL 2521533 (S.D.N.Y. May 18, 2020) ........................ 11

*Pearl v. City of Long Beach*,
  296 F.3d 76 (2d Cir. 2002) ............................................................. 13-14

*Pizzuto v. Cty. of Nassau*,
  239 F. Supp. 2d 301 (E.D.N.Y. 2003) ........................................................ 24

*Ross v. Port Chester Hous. Auth.*,
  No. 17 Civ. 4770 (NSR), 2019 WL 4738941 (S.D.N.Y. Sept. 27, 2019) ...................... 20

*Sanchez-Preston v. Luria*,
  No. 96 Civ. 2440 (CPS), 1996 WL 738140 at *5 (E.D.N.Y. Dec. 17, 1996).................... 21

*Savino v. City of N.Y.*,
  331 F.3d 63, 76 (2d Cir. 2003) ......................................................... 20, 22

*Shahzad v. Cty. of Nassau*,
  No. 13 Civ. 2268 (JMA) (SIL), 2016 WL 11540145 (E.D.N.Y. Mar. 31, 2016)................. 11

*Sharp v. Bivona*,
  304 F. Supp. 2d 357, 363-64 (E.D.N.Y. 2004)................................................. 17

*Shomo v. City of New York*,
  579 F.3d 176 (2d Cir. 2009) ................................................................. 13

*Singer v. Fulton County Sheriff*,
  63 F.3d 110 (2d Cir. 1995) ................................................................. 23

*Smith v. Campbell*,
  782 F.3d 93 (2d Cir. 2015) ............................................................. 11-12

*Tobias v. Cty. of Putnam*,
  191 F. Supp. 2d 364 (S.D.N.Y. 2002) ........................................................ 24

*Tracy v. Freshwater*,
  623 F.3d 90 (2d Cir. 2010), ................................................................. 11

*Tucker v. Outwater*,
  118 F.3d 930 (2d Cir. 1997) ................................................................. 17

*United States v. Corbett*,
  No. 20 Cr. 213 (KAM). 2020 WL 5802315 (E.D.N.Y. Sept. 29, 2020) ............................. 14

*United States v. Delossantos*
  536 F.3d 155, 158 (2d Cir. 2008) ........................................................................................ 24

*United States v. Walker*,
  No. 11 Civ. 914 (NAM) (DJS), 2016 WL 7409688 (N.D.N.Y. Sept. 26, 2016) ................ 16

*Valez v. City of N.Y.*,
  No. 08 Civ. 3875 (DLC), 2008 WL 5329974 (S.D.N.Y. Dec. 16, 2008) ........................... 20

*Vaughn v. Phoenix House New York Inc.*,
  957 F.3d 141 (2d Cir. 2020) ............................................................................................... 10

*Vincent v. Winski*,
  No. 14 Civ. (VSB), 2018 WL 1441370 (S.D.N.Y. Mar. 22, 2018) ..................................... 22

*Warburton v. Goord*,
  14 F. Supp. 2d 289 (W.D.N.Y. 1998) ................................................................................. 17

*West v. Atkins*,
  487 U.S. 42 (1988) .............................................................................................................. 19

*Whitnum v. Emons*,
  683 F. App'x 71 (2d Cir. 2017) .......................................................................................... 19

*Yajure v. DiMarzo*,
  130 F. Supp. 2d 568 (S.D.N.Y. 2001) ................................................................................ 23

*Zappin v. Collazo*,
  No. 19 Civ. 10573 (LGS), 2020 WL 5646496 (S.D.N.Y. Sept. 22, 2020).......................... 11

*Zappin v. Comfort*,
  26 N.Y.S.3d 217, 2015 WL 5511519 (N.Y. Cty. Sup. Ct. Sept. 18, 2015), *aff'd*, 49
  N.Y.S.3d 6 (2017) ......................................................................................................... 1-3, 6

*Zappin v. Cooper*,
  No. 16 Civ. 5985 (KPF), 2018 WL 708369 (S.D.N.Y. Feb. 2, 2018), *reconsideration
  denied*, 2018 WL 2305562 (S.D.N.Y. May 18, 2018), *aff'd*, 768 F. App'x 51 (2d Cir.
  2019).................................................................................................................................. 3, 5

*Zappin v. Daily News, L.P.*,
  2017 WL 3425765 (S.D.N.Y. Aug. 9, 2017)........................................................................ 4

*Zappin v. Doyle*,
  756 F. App'x 110 (2d Cir. 2019) ........................................................................................ 11

*Zappin v. NYP Holdings, Inc.*,
  2018 WL 1474414 (S.D.N.Y. Mar. 26, 2018), aff'd, 769 F. App'x 5 (2d Cir. 2019) ........... 3

**CONSTITUTIONAL PROVISIONS**

U.S. Const., amend. I ................................................................................................ passim

U.S. Const., amend. XI ...................................................................................................... 9

**FEDERAL STATUTES**

42 U.S.C. § 1983 .................................................................................................... passim

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 1, 19

Fed. R. Civ. P. 12(f) .................................................................................................. 1, 25

Fed R. Civ. P. 15(a)(2) .................................................................................................. 14

Fed. R. Civ. P. 59(e) ...................................................................................................... 5

**STATE STATUTES**

N.Y. Penal L.
    § 24026 ....................................................................................................................... 7
    § 240.20(1) ................................................................................................................. 8
    § 240.50.3(a) .............................................................................................................. 8

**STATE REGULATIONS**

22 NYCRR 1240.8[b][2] ................................................................................................ 4

Executive Order 202.8 .............................................................................................. 12-13

Defendant the Honorable Matthew F. Cooper, a Justice of the Supreme Court of the State of New York ("Justice Cooper"), respectfully submits this memorandum of law in support of his Motion to Dismiss the Amended Complaint (ECF No. 33) filed by Plaintiff Anthony Zappin, Esq. ("Plaintiff"), and to strike certain allegations therein. Fed. R. Civ. P. 12(b)(6), 12(f).

## PRELIMINARY STATEMENT

Plaintiff, a disbarred attorney, has filed eight lawsuits against Justice Cooper, who presided over Plaintiff's contentious divorce case in Supreme Court, New York County. In the divorce action, Justice Cooper sanctioned Plaintiff for misconduct – a decision the Appellate Division, First Department, affirmed as "amply supported by the record." *Zappin v. Comfort*, *Zappin v. Comfort*, 146 A.D.3d 575, 575, 49 N.Y.S.3d 6, 6 (2017).

The same appellate court subsequently disbarred Plaintiff for numerous violations of the New York Rules of Professional Conduct. *Matter of Zappin*, 160 A.D.3d 1, 3, 73 N.Y.S.3d 182, 183-84 (2018). That order highlighted Justice Cooper's findings that Plaintiff "had repeatedly perpetrated acts of domestic violence against his wife; had testified falsely at a custody trial; had knowingly introduced falsified evidence during the proceedings in the form of altered text messages; had presented misleading testimony through his expert witnesses; … and baselessly fil[ed] a disciplinary complaint against a court-appointed psychiatric expert witness." *Id.*

In response, Plaintiff has mounted a series of unsuccessful collateral attacks on the sanctions decision, other rulings by Justice Cooper in the divorce action, and his disbarment. He also filed a police report alleging that Justice Cooper spat on him as they walked past each other on lower Broadway on the morning of November 2, 2016 (the "November 2 Incident").[1] Plaintiff was charged with filing a false report, a misdemeanor, and pleaded guilty to disorderly conduct,

---

[1] Justice Cooper does not concede that he saw, spoke to, or interacted with Plaintiff at the time and place alleged.

a violation. Plaintiff now brings this action, alleging in conclusory terms that Justice Cooper engineered his prosecution, retaliated against him for criticizing Justice Cooper, and conspired with the New York County District Attorney's office (the "NYDA").

The action should be dismissed as time barred (Point I, *infra*); on grounds of *res judicata* (Point II, *infra*) and absolute judicial immunity (Point III, *infra*); and for failure to state a claim (Point IV, *infra*). In addition, certain scandalous, obscene, and immaterial allegations should be stricken (Point V, *infra*).

## FACTUAL AND PROCEDURAL BACKGROUND

### A.      The Parties

Plaintiff, a Columbia Law School graduate, was admitted to the New York State bar in 2011 and disbarred in 2019. *See* Declaration of Michael A. Berg, Jan. 11, 2021, Ex. A.[2]

Justice Cooper is a New York State Supreme Court Justice. Am. Compl. ¶ 3. He presided over Plaintiff's divorce action, *Zappin v. Comfort*, N.Y. Cty. Index No. 301568/14 (the "Divorce Action"), from July 2015 until he recused himself in March 2017. Am. Compl. ¶¶ 3, 27; Berg Decl., Ex. B. Lauren Liebhauser is a former investigator for the NYDA. Am. Compl. ¶ 4.

### B.      Justice Cooper Sanctions Plaintiff for a "Maelstrom of Misconduct"

Plaintiff married Claire Comfort, Esq. in 2013, and the couple had one child. *Zappin v. Comfort*, 49 Misc. 3d 1201(A), 26 N.Y.S.3d 217 (N.Y. Cty. Sup. Ct. 2015) (the "Sanctions Decision"), *aff'd*, 146 A.D.3d 575, 49 N.Y.S.3d 6 (2017); Berg Decl., Ex. C. Plaintiff filed the Divorce Action in February 2014, and it was reassigned to Justice Cooper the following year. *Id.* at *5. During substantial phases of the Divorce Action, Plaintiff represented himself. *Id.* at *1 (noting that Plaintiff "has chosen to be his own attorney").

---

[2] The Court may consider "public bar admission records" on a motion to dismiss. *See Danping Li v. Gelormino*, No. 3:18-CV-442 (MPS), 2019 WL 1957539, at *3 (D. Conn. May 2, 2019).

In the Divorce Action, Justice Cooper imposed a $10,000 sanction on Plaintiff for "a maelstrom of misconduct." *Id.* at *5. In particular, Plaintiff was sanctioned for attempting to subpoena "a wide range of documents from [the] case file" maintained by the attorney for the child, and for filing a meritless complaint with the New York Office of Professional Medical Conduct against a psychiatrist retained as an expert by the child's attorney. *Id*. at *8-9. Justice Cooper held that Plaintiff had "done everything in his power to undermine the legal process and use his law license as a tool to threaten, bully, and intimidate," behavior that "call[ed] into question his fitness to practice law." *Id*. at *1. The First Department affirmed the Sanctions Decision as "entirely proper" and "amply supported by the record," and rejected Plaintiff's contention that he was denied a full and fair opportunity to oppose the sanctions. *Zappin v. Comfort*, 49 N.Y.S.3d at 1, 6-7. In dismissing a defamation case that Plaintiff subsequently filed against Justice Cooper, this Court and the Second Circuit gave the Sanctions Decision preclusive effect under principles of collateral estoppel. *See Zappin v. Cooper*, No. 16 Civ. 5985 (KPF), 2018 WL 708369, at *1 (S.D.N.Y. Feb. 2, 2018) ("*Zappin I*"), *reconsideration denied*, 2018 WL 2305562 (S.D.N.Y. May 18, 2018), *aff'd,* 768 F. App'x 51 (2d Cir. 2019). Berg Decl., Ex. D.

Since the issuance of the Sanctions Decision, Plaintiff has filed at least eight civil actions challenging, *inter alia*, Justice Cooper's rulings in the Divorce Action and accusing him of wrongful conduct during the November 2 Incident. Except for two State court complaints that were not served, Plaintiff's prior actions were all dismissed or withdrawn.[3]

---

[3] *See Zappin v. Cooper*, No. 16 Civ. 5985 (KPF), 2018 WL 708369, at *1 (S.D.N.Y. Feb. 2, 2018), *reconsideration denied*, 2018 WL 2305562 (S.D.N.Y. May 18, 2018), *aff'd*, 768 F. App'x 51 (2d Cir. 2019); *Zappin v. Doyle*, No. 17 Civ. 8837 (KPF), 2018 WL 2376502, at *1 (S.D.N.Y. Apr. 10, 2018), *reconsideration denied*, 2018 WL 2376307 (S.D.N.Y. May 18, 2018), *aff'd,* 756 F. App'x 110 (2d Cir. 2019); *Zappin v. NYP Holdings, Inc.*, No. 16 Civ. 8838 (KPF), 2018 WL 1474414, at *1 (S.D.N.Y. Mar. 26, 2018), *aff'd*, 769 F. App'x 5 (2d Cir. 2019); *Zappin v. Daily News, L.P.*, No. 16 Civ. 8762 (KPF), 2017 WL 3425765, at *1 (S.D.N.Y. Aug. 9, 2017); *Zappin v. Comfort*, Index No. 152822/2017, NYSCEF Doc. No. 36 (Sup. Ct. N.Y. Cty. Nov. 29, 2018); *Zappin v. Cooper*, Index No. 154016/2020, NYSCEF Doc. No. 1 (Sup. Ct. N.Y. Cty. June 6, 2020); *Zappin v. Cooper*, Index No. 151862/2017, NYSCEF Doc. No. 1 (Sup. Ct. N.Y. Cty. Feb. 24, 2020).

### C.  Plaintiff Is Disbarred in New York and the District of Columbia

On March 8, 2019, the First Department, citing Plaintiff's established violations of the New York Rules of Professional Conduct, ordered him disbarred "to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct[.]" *Matter of Zappin*, 160 A.D.3d 1, 9, 73 N.Y.S.3d 182, 188 (2018) (citing 22 NYCRR 1240.8 [b] [2]). Plaintiff was subsequently disbarred in the District of Columbia. *See* Berg Decl., Ex. A. Plaintiff is listed as an active member of the West Virginia Bar, *id.*, but he was named as the respondent in a disciplinary proceeding in that state as well. *See Zappin v. Dopico*, S.D.N.Y. No. 19 Civ. 10573 (LGS), Am. Compl. ¶¶ 5, 85, dated Jan. 31, 2020 (ECF No. 24).

### D.  Plaintiff's First Federal Action Against Justice Cooper Is Dismissed

On July 27, 2016, Plaintiff filed the *Zappin I* action in this Court, alleging defamation, intentional infliction of emotional distress, and other claims arising out of the Divorce Action. His First Amended Complaint, filed on November 8, 2016, further alleged that on November 2, 2016, Justice Cooper "physically battered and spat on Plaintiff . . . on the street."[4] *Zappin I*, First Am. Compl. ¶ 6. Plaintiff cited the November 2 Incident as a predicate for his claim alleging intentional infliction of emotional distress, asserting that Justice Cooper's purported conduct "transcend[ed] the bounds of human decency." *Zappin I*, First Am. Compl. ¶ 150.

Justice Cooper moved to dismiss *Zappin I* on several grounds. In his moving brief, dated March 13, 2017, he argued that even assuming the truth of Plaintiff's allegations concerning the November 2 Incident, "it would not rise to the level of 'extreme and outrageous' conduct, nor is it plausible that Plaintiff suffered 'severe emotional distress' as a result." Berg Decl., Ex. E at 22,

---

[4] The allegation that Justice Cooper "physically battered" Plaintiff was unexplained and unsupported. Plaintiff contradicted that allegation in a verified complaint he filed in state court, which alleged that Justice Cooper attacked him "verbally," not "physically." *See* Berg Decl., Ex. F, Verified Compl. ¶ 1.

n.7. Plaintiff's opposing memorandum of law, dated April 27, 2017, did not respond to that argument, nor did it mention Plaintiff's arrest on March 28, 2017 for filing a false report.

In an Opinion and Order dated February 2, 2018, Judge Failla dismissed *Zappin I* in its entirety, with prejudice. *Zappin I*, 2018 WL 708369. The Court held that collateral estoppel barred Plaintiff from relitigating the factual findings in the Sanctions Decision. *Id.* at *1, 14-22. Each of Plaintiff's claims required him to prove that Justice Cooper's findings in the Sanctions Decision were false, defamatory, or malicious – a showing that was precluded by the Sanctions Decision and the First Department's affirmance of that decision. *Id.* at *17-19.

On February 20, 2018, Plaintiff moved for reconsideration of Judge Failla's order dismissing *Zappin I*. Fed. R. Civ. P. 59(e). His 25-page supporting brief did not discuss his intentional infliction of emotional distress claim, the November 2 Incident, or Plaintiff's arrest on March 27, 2018 on a charge of filing a false report. *See Zappin I*, ECF No. 60. On May 18, 2018, the Court denied Plaintiff's motion for reconsideration. *Zappin I*, 2018 WL 2305562, at *1. Plaintiff appealed to the Second Circuit, but again did not mention his emotional distress claim, the November 2 Incident, or the ensuing criminal charge. The Second Circuit affirmed the District Court's judgment in all respects. *See Zappin v. Cooper*, 768 F. App'x 51.

**E.     Plaintiff Sues in State Court Over the November 2 Incident**

On February 24, 2017, Plaintiff filed a civil action against Justice Cooper in New York County Supreme Court concerning the November 2 Incident. Am. Compl. ¶ 26. *See Zappin v. Cooper*, N.Y. Cty. Index No. 151862/2017 (the "*2017 State Action*"). The *2017 State Action* alleged that as Plaintiff walked south on Broadway on November 2, 2016, he saw Justice Cooper walking north. Berg Decl., Ex. F, ¶ 6. Plaintiff further alleged that Justice Cooper cursed and "spit on Plaintiff, which struck his sweater." *Id.* ¶ 7. The *2017 State Action* asserted a single

claim of assault and battery. *Id.* ¶¶ 15-19. Plaintiff never served the complaint on Justice Cooper, Am. Compl. ¶ 26, and the electronic docket shows no further activity.[5]

F. **The Current Allegations Concerning the November 2 Incident**

In this action, Plaintiff alleges that as of November 2, 2016, Justice Cooper "had already issued a Judgment of Divorce in *Zappin v. Comfort* in August 2016 and there was no litigation taking place in front of him related to that suit." Am. Compl. ¶ 8. The latter assertion is contradicted elsewhere in the Amended Complaint and by public filings in the Divorce Action. *See* Am. Compl. ¶ 26 (alleging that "post-judgment motions in *Zappin v. Comfort* [were] pending before Defendant Cooper in early 2017"); *id.* ¶ 27 (alleging that Justice Cooper recused himself from the Divorce Action on March 27, 2017, while "several post-judgment matters were pending before him"). The recusal order itself establishes that Justice Cooper remained the presiding judge in the Divorce Action until March 27, 2017. *See* Berg Decl., Ex. B.

Plaintiff alleges that on November 2, 2016, he was walking south on Broadway to attend a computer programming class. Am. Compl. ¶ 14 & n.2. At about 9:25 a.m., at the corner of Rector Street, Plaintiff allegedly passed Justice Cooper, who was walking north, and took several photographs of Justice Cooper with his cell phone until it "died." *Id.* ¶¶ 14, 16. When Plaintiff arrived at his class, another student "pointed out a large wet spot on the front of Plaintiff's sweater." *Id.* ¶ 16. Plaintiff "immediately" took photos of his "sweater," *id.*, notwithstanding that his cell phone had died. According to the Amended Complaint, it was "at this point that Plaintiff recalled possibly hearing someone 'spit' while walking past Defendant Cooper and believed that Defendant Cooper … could have very likely spit at him." *Id.*

---

[5] On June 6, 2020, Plaintiff filed another complaint in State court concerning the November 2 Incident, which asserted the same claims against the same defendants as the original complaint in the instant action. *See Zappin v. Cooper*, N.Y. Cty. Index No. 154016/2020. Justice Cooper was not served, and the docket shows no further activity.

Prior to filing this action, Plaintiff gave a different account of the incident. In two prior complaints, he alleged that Justice Cooper spat on him – not that Plaintiff subsequently surmised that Justice Cooper "could have" done so. *See Zappin I*, First Am. Compl. ¶¶ 6, 150; *2017 State Action*, Compl. ¶ 7. Plaintiff also accused Justice Cooper of spitting on him in a police report dated November 2, 2016 and a letter to two administrative judges, dated November 5, 2016. *See* Berg Decl., Exs. G, H. The Amended Complaint does not explain this inconsistency.[6]

### G.    Plaintiff Is Charged With Filing A False Police Report

On November 2, 2016, Plaintiff walked to the NYPD's First Precinct, located at 16 Ericsson Place in Manhattan, and a filed a complaint regarding the November 2 Incident. Am. Compl. ¶ 17; Berg Decl., Ex. I. As set forth in the report, Plaintiff stated that Justice Cooper "did approach and spit at him." *Id.*, Ex. 5. The report noted that based on Plaintiff's narrative, the maximum possible charge was harassment in the second degree, a violation, pursuant to N.Y. Penal L. § 24026. *Id.* Plaintiff claims he did not want Justice Cooper prosecuted, but filed the report on the advice of his parents and "matrimonial attorney." Am. Compl. ¶¶ 17-18. But three days later, in his letter of complaint about the November 2 Incident, Plaintiff stated it was his "understanding that the NYPD is investigating the matter further."[7]

The Amended Complaint next presents a speculative account of the ensuing investigation. *See* Am. Compl. ¶¶ 19-25. Plaintiff asserts that the NYPD closed the case, but conjectures, in conclusory terms and "[u]pon information and belief, [that Justice] Cooper used his influence as a sitting Justice of the Supreme Court to have the case re-opened, so to speak."

---

[6] In his November 5, 2016 letter, Plaintiff stated that he would move "to recuse Justice Cooper from any further proceedings in" the Divorce Action "based on his atrocious behavior." Berg Decl., Ex. H. By contrast, Plaintiff now characterizes Justice Cooper's recusal as unexpected and "without question bizarre." Am. Compl. ¶¶ 27-28.

[7] Plaintiff's claim that he did not seek to press charges is difficult to square with his many formal complaints, lawsuits, and social media posts traducing Justice Cooper. *See* Am. Compl. ¶¶ 8-9; *see also supra*, n.3.

*Id.* ¶ 20. Liebhauser investigated further, and on March 28, 2017, she and three detectives arrested Plaintiff after he attended a child custody hearing in the Divorce Action in New York Family Court. *Id.* ¶ 32. The charging instrument, signed by Liebhauser, described her investigation of the November 2 Incident and the basis for her belief that Plaintiff's complaint was false and the "incident did not in fact occur." Berg Decl., Ex. I.

On March 29, 2017, Plaintiff was arraigned in New York Criminal Court on a charge of falsely reporting an incident in the third degree in violation of N.Y. Penal Law § 240.50.3(a), a Class A misdemeanor. Am. Compl. ¶ 32; Berg Decl., Ex. J. Bail was set at $2,500. Am. Compl. ¶ 40; Berg Decl., Ex. J. On March 30, 2017, Plaintiff was released from custody after his family posted his bond. Am. Compl. ¶ 53; Berg Decl., Ex. K.

**H.      The Criminal Court Issues an Order of Protection Against Plaintiff**

During Plaintiff's arraignment, Judge Judy Chu said she would issue a "full stay away order of protection," and instructed Plaintiff not to "go near [Justice Cooper's] home [or] place of business." *Id.* at 5. At the request of Plaintiff's attorney, the Court modified its order to allow "incidental contact" during "legal proceedings." *Id.* at 5-6. That change was incorporated in a written order that stated: "incidental contact only during legal proceedings only." Berg Decl., Ex. L.

**I.      Plaintiff Pleads Guilty to a Reduced Charge of Disorderly Conduct**

On September 19, 2017,[8] pursuant to an agreement negotiated by his criminal defense attorney, Plaintiff pleaded guilty to one count of disorderly conduct under N.Y. Penal Law § 240.20(1), a violation. *See* Am. Compl. ¶¶ 77-78; Berg Decl., Ex. M. In his plea allocution, Plaintiff testified that at about 1 p.m. on November 2, 2016, at the NYPD's First Precinct, he

_____

[8] The Amended Complaint alleges that the plea agreement was reached in October 2017. The transcript of the plea hearing is dated September 19, 2017.

"engage[d] in Disorderly Conduct, with the intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof," by "engag[ing] in threatening behavior." *Id*. at 7.

The plea bargain provided for three days of community service; a permanent order of protection; and a permanent waiver of Plaintiff's right to have the case file sealed. *Id.* at 4-5. At the plea hearing, Plaintiff's counsel clarified, and the judge agreed, that "the order of protection does not prevent [Plaintiff] from accessing the justice system by entering the courthouse just because a judge resides there or works there." *Id.* at 8; *see also id*. at 8-9.

**J.    Plaintiff Files This Action**

Plaintiff filed this action on March 31, 2020. (ECF No. 1.) In an Opinion and Order of Service dated August 17, 2020, the Court directed service upon Justice Cooper and Liebhauser and dismissed the action as to three other defendants. (ECF No. 18.) On September 16, 2020, Plaintiff filed a notice of appeal of the Court's order dismissing those defendants. (ECF No. 22.) In the Amended Complaint, filed November 18, 2020 (ECF No. 33), Plaintiff asserts four claims under 42 U.S.C. § 1983: (1) abuse of process, Am. Compl. ¶¶ 94-99; (2) conspiracy to abuse process, *id*. ¶¶ 100-106; (3) retaliation for Plaintiff's criticism of Justice Cooper, in asserted violation of his free speech rights, *id*. ¶¶ 107-111; and (4) conspiracy to retaliate, *id.* ¶¶ 112-117.

The Amended Complaint names Justice Cooper in his "personal capacity as a Justice of the Supreme Court of the State of New York." Am. Compl. ¶ 3. Any ambiguity in that statement is resolved by Plaintiff's plea for relief, which seeks only monetary damages. *Id.* at p. 50. Damages are unavailable in a Section 1983 against a state official in his official capacity. U.S. Const., amend. XI; *Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 123 (2d Cir. 2020). Thus, it is clear that Plaintiff has sued Justice Cooper solely in his individual capacity.

## PLEADING STANDARDS

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.''" *Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 146 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "For a claim to have facial plausibility, the plaintiff must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' so as to establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Burke v. Verizon Commc'ns, Inc.*, No. 18 Civ. 4496 (PGG) (GWG), 2020 WL 6538748, at *6 (S.D.N.Y. Nov. 6, 2020) (quoting *Iqbal*, 556 U.S. at 678). Allegations based upon information and belief must be "peculiarly within the possession and control of the defendant," or "based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations and internal quotation marks omitted).

On a motion to dismiss for failure to state a claim, a federal court "may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken." *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 500 (S.D.N.Y. 2016) (citing *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002)). The court may consider "litigation documents filed in other courts, 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Clark v. Kitt*, No. 12 Civ. 8061 (CS), 2014 WL 4054284, at *6 (S.D.N.Y. Aug. 15, 2014) (quoting *Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir. 1991) (citation omitted)), *aff'd*, 619 F. App'x 34 (2d Cir. 2015).

Courts typically "afford a special solicitude to *pro se* litigants," but "'a lawyer representing himself ordinarily receives no such solicitude at all.'" *Bank v. Sirlin*, 830 F. App'x 690 (2d Cir. 2020) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101-102 (2d Cir. 2010)). That rule applies to Plaintiff. *See Zappin v. Doyle*, 756 F. App'x 110, 111, n.1 (2d Cir. 2019); *Zappin v. Collazo*, No. 19 Civ. 10573 (LGS), 2020 WL 5646496, at *4 (S.D.N.Y. Sept. 22, 2020).

The Amended Complaint cannot survive under these standards.

## ARGUMENT

## I.  THE THREE-YEAR STATUTE OF LIMITATIONS BARS THIS ACTION

In New York, a three-year statute of limitations governs Section 1983 claims. *See Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015). Plaintiff filed this suit on March 31, 2020. His claims against Justice Cooper are time-barred because they accrued prior to March 31, 2017.

"Although state law governs the applicable limitations period, federal law governs when a federal claim accrues." *Hadid v. City of New York*, No. 15 Civ. 19 (WFK) (RER), 2015 WL 7734098, at *5 (E.D.N.Y. Nov. 30, 2015), *aff'd*, 730 F. App'x 68 (2d Cir. 2018) (citation omitted). "Under federal law, a claim for abuse of process accrues 'at such time as the criminal process is set in motion – typically at arrest – against the plaintiff.'" *Id.* (quoting *Duamutef v. Morris*, 956 F. Supp. 1112, 1118 (S.D.N.Y. 1997) (Sotomayor, J.) (internal citations omitted)). *Accord Panetta v. Cassel*, No. 20 Civ. 2255 (PMH), 2020 WL 2521533, at *5 (S.D.N.Y. May 18, 2020); *Kislowski v. Kelley*, No. 19 Civ. 218 (FJS) (CFH), 2020 WL 495059, at *4 (N.D.N.Y. Jan. 30, 2020); *Shahzad v. Cty. of Nassau*, No. 13 Civ. 2268 (JMA) (SIL), 2016 WL 11540145, at *13 (E.D.N.Y. Mar. 31, 2016). A Section 1983 claim alleging abuse of process "accrues on the date of arrest … because on that date a plaintiff would have reason to know of the injury which [his claim] encompass[es]." *Duamutef*, 956 F. Supp. at 1118 (citation omitted). Similarly, "First Amendment retaliation claims arising out of allegedly retaliatory arrests accrue on the date

of the arrest[.]" *McKeefry v. Town of Bedford*, No. 18 Civ. 10386 (CS), 2019 WL 6498312, at *10 (S.D.N.Y. Dec. 2, 2019) (citing *Smith*, 782 F.3d at 99).

Plaintiff alleges Defendants abused process by issuing the "criminal complaint and temporary order of protection" against him.[9] Am. Compl. ¶ 96. The NYDA issued the criminal complaint on March 28, 2017. *Id.* ¶ 2; Berg Decl., Ex. I. The criminal court issued the order of protection the next day. *Id.* ¶¶ 36, 41; Berg Decl., Ex. L. Both these events occurred more than three years prior to the commencement of the action. Thus, the abuse of process claim is barred.

The First Amendment retaliation claim is time-barred because it arises entirely out of events that occurred prior to March 31, 2017: Plaintiff's arrest, the order of protection, and Justice Cooper's alleged involvement in the NYDA investigation that led to Plaintiff's arrest. Compl. ¶ 21. Plaintiff's conspiracy claims are time-barred as well, because he does not allege any overt act in the three-year period prior to the filing of this action on March 31, 2020. *See Nunez v. Mitchell*, No. 17 Civ. 9734 (AJN), 2018 WL 4301370, at *3 (S.D.N.Y. Sept. 10, 2018). Thus, all claims against Justice Cooper must be dismissed as time barred.

This straightforward application of controlling law is not altered by Governor Cuomo's executive orders extending State court deadlines in response to the novel coronavirus. In letters to the Court dated November 5 and December 10, 2020, Plaintiff asserted that Executive Order 202.8, dated March 20, 2020, effectively tolled statutes of limitations on federal claims, asserted in federal court, that "borrow" state law limitations periods. (ECF No. 28, at 1-2; ECF 37, at 1.)

Plaintiff's argument fails. The plain language of Executive Order 202.8 temporarily suspended statutes of limitations in State courts. *See* Berg Decl., Ex. N. On its face, the executive order does not apply to claims asserted in federal court. *See id.* Moreover, the executive order

---

[9] The fact that Justice Cooper did not issue either the criminal complaint or the order of protection is addressed in Point IV, *infra*.

was issued because the pandemic disrupted State court operations and forced court closures that precluded the filing of new civil actions. Thus, the order tolled certain statutes of limitations pursuant to "the directive of the Chief Judge of the State to limit court operations to essential matters during the … COVID-19 health crisis." *Id*. As Chief Judge McMahon noted in a recent decision, the circumstances were different in federal court:

> The courts of the State of New York for many weeks had been closed, and no new filings of any sort were being accepted. In recognition of this fact, by a series of Executive Orders, the Governor of the State of New York had expressly tolled "any specific time limit for the commencement, filing, or service of any legal action ... as prescribed by the procedural laws of the state[.]"
>
> * * *
>
> [U]nlike the courts of the State of New York, this Court was not closed to new filings at any time during the pandemic, and no one with authority over the operations of this court has ever tolled the running of any statute of limitations.

*Citi Connect, LLC v. Local Union No. 3, IBEW*, No. 20 Civ. 5147 (CM), 2020 WL 5940143, at *3 (S.D.N.Y. Oct. 7, 2020).

In sum, Executive Order 202.8 was expressly limited to the New York State Courts, and its rationale does not apply here. Conversely, the Southern District has issued no comparable order, and the rationale for the executive order does not apply here.

The cases cited in Plaintiff's December 10, 2020 letter to the Court are inapposite. *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009), did not involve a state tolling order but considered application of the "continuing violation doctrine." That doctrine has no relevance here. In *Pearl v. City of Long Beach*, 296 F.3d 76 (2d Cir. 2002), the court considered – and rejected – tolling the statute of limitations based on the principles of equitable estoppel. That doctrine may apply "where the defendant conceals from the plaintiff the fact that he has a cause of action," or "induces him to forego suit until after the period of limitations has expired." *Id.* at

13

82. The facts here do not support an equitable estoppel argument, and neither of Plaintiff's pre-motion letters raises the issue. Plaintiff was not only aware of the facts and his purported claims more than three years before he filed this action, but actually sued Justice Cooper in State court in 2017 based on the November 2 Incident. (*See* Point II, *infra*.) There is no basis to excuse his neglect in bringing this time-barred action.[10]

Plaintiff submitted, as an exhibit to his December 10, 2020 letter, a recent Eastern District decision affirming a magistrate judge's application of Governor Cuomo's tolling order in a Section 1983 action. *See Bonilla v. City of New York*, No. 20 Civ. 1704 (RJD) (LB), 2020 WL 6637214 (E.D.N.Y. Nov. 12, 2020) (*cited in* ECF No. 37 at 1, 6-11). But *Bonilla* is not controlling authority. *See United States v. Corbett*, No. 20 Cr. 213 (KAM), 2020 WL 5802315, at *2 (E.D.N.Y. Sept. 29, 2020); *Leibovitz v. City of New York*, No. 14 Civ. 7106 (KAM) (LB), 2018 WL 1157872, at *7, n.13 (E.D.N.Y. Mar. 2, 2018). Moreover, *Bonilla*'s application of the State's tolling order was incorrect because, as demonstrated above, that order was based on conditions that did not exist in federal court. *See Citi Connect*, 2020 WL 5940143, at *3.[11]

Furthermore, *Bonilla* is distinguishable in three respects. ***First***, unlike the present case, there is no question that *Bonilla* was timely filed. The issue there was whether the plaintiff could amend his pleading to name additional parties, pursuant to Rule 15(a)(2)'s directive that leave to amend should be "freely give[n] when justice so requires[.]" *Id.* at *3. ***Second***, in *Bonilla* the district court reviewed a magistrate judge's application of the state tolling rule. Under the

---

[10] Plaintiff could easily have amended his complaint in the *2017 State Action* to include any purported claims based on his arrest for filing a false police report. Almost as easily, he could have asserted such claims in this Court within the prescribed three-year period. The Amended Complaint provides no justification for his failure to do so.

[11] *Bonilla* appears to have misconstrued *Citi Connect*. *See Bonilla*, 2020 WL 6637214, at *3. In *Citi Connect*, Chief Judge McMahon did not hold that the Governor's tolling orders applied in federal court. Rather, the court assumed that was the case and ruled against the plaintiff on the merits. *Citi Connect*, 2020 WL 5940143, at *4. The court noted that the defendants would not be prejudiced (because they prevailed on the merits), and that the Second Circuit could affirm on the alternative ground that the action was time-barred. *Id.*

controlling legal standard, the district court merely held that the magistrate judge's decision was not clearly erroneous. ***Third***, *Bonilla* held that there would be no prejudice to the defendants as a result of tolling. Here, however, there is manifest prejudice to Justice Cooper due to Plaintiff's unceasing campaign of harassment-by-litigation. Justice Cooper should not be compelled to defend this untimely action – the eighth civil action Plaintiff has filed against him.

Accordingly, all claims against Justice Cooper should be dismissed as time-barred.

## II.   *RES JUDICATA* BARS PLAINTIFF'S CLAIMS

*Res judicata*, or claim preclusion, bars the litigation of claims that were litigated, or could have been litigated, in a prior action. This doctrine "limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy." *Hudson v. Forman*, No. 19 Civ. 9637 (CM), 2019 WL 6312004, at *5 (S.D.N.Y. Nov. 25, 2019) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). *See also Krepps v. Reiner*, 377 F. App'x 65, 67 (2d Cir. 2010).

 "*Res judicata* applies when (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). "Once a claim is brought to final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 194 (2d Cir. 2008).

On November 8, 2016, just six days after the November 2 Incident, Plaintiff amended his *Zappin I* complaint to allege that Justice Cooper "spat on Plaintiff . . . on the street." *Zappin I*, First Am. Compl., ¶ 6; *supra*, p. 4. Plaintiff cited the November 2 Incident in support of his claim alleging intentional infliction of emotional distress. *Id.* ¶ 150. That claim, like all of

Plaintiff's claims in *Zappin I*, was dismissed with prejudice. *Zappin I*, 2018 WL 708369, at *22. Thus, *res judicata* bars all claims arising out of the series of events. *Giannone*, 548 F.3d at 194.

This action arises out of the November 2 Incident, Plaintiff's filing of a police report concerning the incident, the NYDA investigation, and Plaintiff's prosecution for filing a false report. As such, Plaintiff's claims against Justice Cooper in this action arise out of the same events and transactions as *Zappin I*. Just as Plaintiff amended his *Zappin I* complaint to incorporate a claim based on the November 2 Incident itself, he could have supplemented his pleading to assert any claims based on the ensuing investigation and prosecution. *See United States v. Walker*, No. 11 Civ. 914 (NAM) (DJS), 2016 WL 7409688, at *2 (N.D.N.Y. Sept. 26, 2016) (reaffirming that "absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted").

Plaintiff made no attempt to supplement his pleading, prompting the court to dismiss *Zappin I* with prejudice. *Zappin I*, 2018 WL 708369, at *22 ("Plaintiff has not sought leave to amend the FAC for a second time and, accordingly, the Court affords him no such opportunity."). Justice Cooper's motion to dismiss *Zappin I* was fully submitted on May 15, 2017, and was granted on February 2, 2018. Plaintiff had ample opportunity to assert the instant claims in *Zappin I*, as they are inextricably linked to the allegations in that case, but he opted not do so. As such, *res judicata* bars the instant action against Justice Cooper.

## III.    ABSOLUTE JUDICIAL IMMUNITY BARS THIS ACTION

It is firmly established that judges have absolute immunity from suit for acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991). "Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages[.]" *Id.* at 11 (citations omitted). "[O]nce a court determines that an official was functioning in a core judicial … capacity, absolute immunity applies however erroneous the act may have been, and however

16

injurious in its consequences it may have proved to the plaintiff." *DiBlasio v. Novello*, 344 F.3d 292, 297 (2d Cir. 2003). "The cloak of immunity is not pierced by allegations of bad faith or malice." *Tucker v. Outwater*, 118 F.3d 930, 932 (2d Cir. 1997). Nor is a judge deprived of immunity by virtue of an incorrect decision which may have violated state law, *see Fields*, 920 F.2d at 1119, an act in excess of his authority, *see Bradley v. Fisher,* 80 U.S. 335, 352 (1871), or allegations that a decision was "biased and prejudicial." *Warburton v. Goord*, 14 F. Supp. 2d 289, 296 (W.D.N.Y. 1998).

Courts in the Second Circuit have recognized the importance of absolute judicial immunity in matrimonial proceedings. "Not surprisingly, disgruntled ex-spouses often bring claims against state court judges who have presided over divorce and child custody issues. … Given the inherently emotional nature of their work, family court judges may be particularly susceptible to harassment." *Lewittes v. Lobis*, No. 04 Civ. 0155 (JSR) (AJP), 2004 WL 1854082, at *5 (S.D.N.Y. Aug. 19, 2004) *Id.* at *5 (citing S*anchez-Preston v. Luria*, No. 96 Civ. 2440 (CPS), 1996 WL 738140 at *5 (E.D.N.Y. Dec. 17, 1996)). *See also id.* (citing *Carley v. Lawrence*, 24 Fed. App'x 66, 67 (2d Cir. 2001); *Sharp v. Bivona*, 304 F. Supp. 2d 357, 363-64 (E.D.N.Y. 2004); *Arena v. Dept. of Soc. Servs. of Nassau Cty.*, 216 F. Supp. 2d 146, 153 (E.D.N.Y. 2002); *Dejose v. New York State Dep't of State*, No. 89 Civ. 3761, 1990 WL 263501 at *1-2 (E.D.N.Y. Nov. 13, 1990), *aff'd*, 923 F.2d 845 (table) (2d Cir. Dec. 12, 1990)).

Absolute judicial immunity bars this action against Justice Cooper. Plaintiff alleges Justice Cooper "used his position as a Justice … to improperly influence the [NYDA] to instigate and pursue" a misdemeanor charge against him. Am. Compl. ¶ 9. Plaintiff further alleges that Justice Cooper was motivated by animus arising out of the Divorce Action. *See id.* ¶¶ 9-12, 17, 21, 29-30. Under Second Circuit precedent, these allegations are fatal to Plaintiff's claims.

*Huminski v. Corsones,* 386 F.3d 116 (2d Cir. 2004) is directly on point. Judge Corsones presided over Huminski's criminal case. *Id.* at 122. After the disposition of the criminal case, Huminski parked his van, covered with signs criticizing the judicial system and the judge, outside her courthouse. *Id.* At the request of Judge Corsones, Huminski was asked to leave the premises and was served with notices of trespass. *Id.* at 125-27. He then sued Judge Corsones and others, alleging violations of his First Amendment rights. *Id.* at 129.

"The Second Circuit concluded that Judge Corsones was entitled to absolute judicial immunity … 'because the general nature and function of her actions were substantially judicial.'" *Pacherille v. Burns*, 30 F. Supp. 3d 159, 163-64 (N.D.N.Y. 2014) (quoting *Huminski*, 386 F.3d at 140-141)). The Second Circuit held that "[t]here was a nexus between [Judge Corsones's] actions ... and Huminski's criminal case." *Id.* at 164 (citing *Huminski*, 386 F.3d at 141). The judge's actions "were clearly designed to address ... [Huminski's] conduct, and directly related to her role in adjudicating the case which engendered [Huminski's] conduct in the first place." *Id.* As the Second Circuit observed:

> A judge cannot be expected regularly and dispassionately to make decisions adverse to overtly hostile parties if subsequent actions to protect herself, her staff, and those in her courthouse from such hostility may result in the rigors of defending against – and even the possibility of losing – lengthy and costly litigation.

*Id.* (quoting *Huminski*, 386 F.3d at 141). Following *Huminski*, *Pacherille* held that a judge was immune from suit for filing harassment charges against a party who protested his handling of a criminal case. *Id.* at 164-65. *Accord Barrett v. Harrington,* 130 F.3d 246, 257–58 (6th Cir. 1997).

The same principle applies here. As the presiding justice in the Divorce Action, Justice Cooper is absolutely immune from suit for his alleged involvement in the NYDA investigation of Plaintiff and the ensuing misdemeanor charge and order of protection.

Alternatively, Plaintiff may contend that as the complaining witness in his criminal case,

Justice Cooper was acting as a private individual rather than as a State judge. *See, e.g.*, Am. Compl. ¶¶ 3. In that event, Plaintiff's claims must fail because Justice Cooper was not acting "under color of state law," as is required to state a claim under Section 1983. *West v. Atkins*, 487 U.S. 42, 49 (1988). It is well settled that cooperating with a police investigation and acting as a complaining witness in a criminal case – tasks that any person may perform – do not constitute state action for purposes of Section 1983. *See Whitnum v. Emons*, 683 F. App'x 71, 72 (2d Cir. 2017) (dismissing Section 1983 claim because judge's complaint that plaintiff was "stalking" her was not made under color of state law); *Betts v. Shearman*, 751 F.3d 78, 81 (2d Cir. 2014) (holding that defendant who allegedly made false allegations to police did not act under color of law); *Valez v. City of N.Y.*, No. 08 Civ. 3875 (DLC), 2008 WL 5329974, at *4 (S.D.N.Y. Dec. 16, 2008) (holding that defendants were not state actors where complaint alleged "in conclusory fashion that the police arrested [the plaintiff] on 'orders' from the defendants").

Plaintiff cannot have it both ways. Justice Cooper is absolutely immune from suit for any act in his judicial capacity, and his alleged private conduct is not actionable under Section 1983. Accordingly, the Amended Complaint does not state a claim against Justice Cooper.

## IV. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM

In addition to the grounds set forth above, the Amended Complaint fails to allege the elements of a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### A. Plaintiff Fails To State A Claim For Malicious Abuse of Process

Plaintiff alleges that Defendants abused process by issuing a misdemeanor complaint and order of protection against him. Am. Compl. ¶ 96. His pleading does not support this claim.

A Section 1983 claim for "malicious abuse of process … lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral

objective that is outside the legitimate ends of the process." *Dowd v. DeMarco*, 314 F. Supp. 3d 576, 585 (S.D.N.Y. 2018) (citing *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (internal citation omitted)). "While malicious prosecution concerns the improper issuance of process, the gist of abuse of process is the improper use of process *after* it is regularly issued." *Id.*

The Amended Complaint does not allege facts that plausibly support this claim.

***First***, Justice Cooper did not use "regularly issued legal process to compel performance or forbearance of some act" by Plaintiff. *Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 340-41 (E.D.N.Y. 2006) (listing elements) (citing *Savino v. City of N.Y.,* 331 F.3d 63, 76 (2d Cir. 2003)). The criminal charge was issued by the NYDA, and the order of protection was issued by criminal court judge – not by Justice Cooper. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Allen v. Antal*, 665 F. App'x 9, 14 (2d Cir. 2016) (citations omitted).

The allegation that Justice Cooper cooperated with the NYDA investigation is insufficient to state an abuse of process claim. It is well settled that "reporting a crime to law enforcement and giving testimony does not constitute 'initiation' of a criminal prosecution." *Curanaj v. Cordone*, No. 10 Civ. 5689 (ER), 2012 WL 4221042, at *16, n.12 (S.D.N.Y. Sept. 19, 2012). Even more fundamentally, the mere issuance of a complaint is not a predicate for an abuse of process claim, as the tort requires a perversion of judicial process after the complaint is issued. *See Dowd*, 314 F. Supp. at 585 (citing *Cook*, 41 F.3d at 80)). *See also Ross v. Port Chester Hous. Auth.*, No. 17 Civ. 4770 (NSR), 2019 WL 4738941, at *6 (S.D.N.Y. Sept. 27, 2019) (holding that plaintiff's "failure to allege any perversion of the process after his arrest is fatal"). Plaintiff does not allege that Justice Cooper engaged in any such conduct after his arrest.

Plaintiff's claim based on the order of protection fails for the same reasons, and because it rests on a misrepresentation of the order. Plaintiff alleges the order was "a 'full stay away' order effectively precluding Plaintiff from accessing the courthouse, once again infringing on his constitutional rights." Am. Compl. ¶¶ 41, 57. Not so. At the request of Plaintiff's counsel, the court expressly permitted Plaintiff to have "incidental contact" with Justice Cooper during "legal proceedings" to preserve his access to the courts. Berg Decl., Exs. J, L.

**Second**, Plaintiff also fails to plausibly allege that Justice Cooper acted "with intent to do harm without excuse or justification." *See Dowd*, 314 F. Supp. at 585. The Amended Complaint is rife with overwrought passages purporting to describe Justice Cooper's motives and thought processes, but these allegations are entirely speculative and implausible. For example, Plaintiff accuses Justice Cooper of carrying out a "vendetta" against him, Am. Compl. ¶ 9, but that claim is factually unsupported.[12] *See also id.* ¶ 1 (alleging Justice Cooper "induce[d] and instigate[d] Plaintiff's prosecution); *id.* ¶ 7 (alleging Justice Cooper "improperly influence[d]" the NYDA); *id.* ¶ 12 (alleging the NYDA "manufacture[d]" the criminal case "at the behest of" Justice Cooper); *id.* (asserting, irrelevantly and on "information and belief," that Justice Cooper "demand[ed]" court officials revoke the press credentials of Plaintiff's friend).

**Third**, Plaintiff fails to allege that Justice Cooper harbored the requisite collateral objective. The Amended Complaint accuses Justice Cooper of acting in bad faith, but a defendant's subjective motives are immaterial to whether he used legal process to achieve an improper collateral goal. *See Ostroski*, 443 F. Supp. at 341 (holding that an alleged "malicious

---

[12] To the contrary, the Amended Complaint's factual allegations suggest it was Plaintiff who engaged in a years-long campaign of retaliation and harassment against Justice Cooper, in response to adverse rulings in the Divorce Action that were affirmed in all respects on appeal. *See, e.g.,* Am. Compl. ¶ 8 (stating that "Plaintiff had filed at least two complaints with the New York State … Commission on Judicial Conduct …, had written several letters to Defendant Cooper's supervisory judges," and had filed the *Zappin I* action in this Court).

motive alone ... does not give rise to a cause of action for abuse of process."); *Vincent v. Winski*, No. 14 Civ. (VSB), 2018 WL 1441370, at *13 (S.D.N.Y. Mar. 22, 2018) (holding that plaintiff's "conclusory assertion[s]" did not plausibly allege that criminal complaints "were crafted" for collateral purpose). Here, to the extent that Justice Cooper is alleged to have communicated with the NYDA regarding the November 2 Incident, there is no well-pleaded allegation that he did so for any objective other than cooperating with the NYDA investigation. As a matter of law, that is not a collateral objective sufficient to state an abuse of process claim. *See Coleman v. City of New York*, 585 F. App'x 787, 788 (2d Cir. 2014) (rejecting argument on the ground that the law requires "a collateral purpose beyond or in addition to [plaintiff's] criminal prosecution") (citing *Savino*, 331 F.3d at 77). As such, Plaintiff has failed to plead an abuse of process claim.

### B.      Plaintiff Fails to State a First Amendment Retaliation Claim

Plaintiff alleges that Defendants brought "criminal charges against him in retaliation for … exercising his First Amendment Rights." Am. Compl. ¶ 110. This claim fails because the Amended Complaint does not allege facts supporting the elements of First Amendment retaliation, and because there was probable cause for Plaintiff's arrest.

"To establish First Amendment retaliation by a government actor, the plaintiff must demonstrate that (1) his or her speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him or her; and (3) there was a causal connection between this adverse action and the protected speech." *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 94 (2d Cir. 2020) (citation and quotation marks omitted). Assuming for purposes of this motion that Plaintiff's alleged statements were protected speech, he has failed to plead any adverse action by Justice Cooper or any nexus between such an action and his arrest.

Justice Cooper neither filed nor prosecuted the criminal case against Plaintiff. *See* Am.

Compl. ¶ 1 (alleging that the NYDA prosecuted Plaintiff). As a result, Plaintiff cannot plead or

prove that Justice Cooper committed the requisite adverse action against him. *See Agosto*, 982

F.3d at 94. *See also Allen*, 665 F. App'x at 14 (reaffirming requirement of "personal

involvement" to state a claim under Section 1983). Moreover, to the extent that Plaintiff alleges

Justice Cooper "induce[d] and instigate[d]" his prosecution, his allegations are conclusory and

thus are "not entitled to the assumption of truth." *Joseph v. Northwood Grp., LLC*, No. 08 Civ.

3644 (NRB), 2009 WL 2252336, at *2 (S.D.N.Y. July 23, 2009) (citing *Iqbal*, 556 U.S. at 679).

The Amended Complaint also does not plausibly allege that Justice Cooper's alleged

actions – cooperating with the NYDA investigation – were "motivated or substantially caused

by" Plaintiff's public criticism of him. *See, e.g., Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160 (2d

Cir. 2013) (citing *Curley v. Village of Suffern,* 268 F.3d 65, 73 (2d Cir. 2001)). There is also no

causal link between any act by Justice Cooper and the NYDA's independent charging decision.

To the contrary, Plaintiff's guilty plea "constitutes conclusive evidence that [his] arrest

was supported by the requisite probable cause …, which serve[s] as a complete defense to any

claim of First Amendment retaliation based on that arrest." *Lawtone-Bowles v. Katz*, No. 14 Civ.

606 (CS), 2016 WL 6834018, at *9 (S.D.N.Y. Nov. 17, 2016) (citations omitted). "A claim for

First Amendment retaliation cannot be sustained 'when the criminal prosecution was supported

by probable cause.'" *Yajure v. DiMarzo*, 130 F. Supp. 2d 568, 573-74 (S.D.N.Y. 2001) (citing

*Duamutef,* 956 F. Supp. at 1116; *Mozzochi v. Borden,* 959 F.2d 1174, 1179–80 (2d Cir. 1992)

("An individual does not have the right under the First Amendment to be free from a criminal

prosecution supported by probable cause"); *Singer v. Fulton Cty. Sheriff,* 63 F.3d 110, 120 (2d

Cir. 1995) (upholding dismissal of First Amendment claim because, where probable cause exists,

"we will not examine the officer's underlying motive in arresting and charging the plaintiff.").[13]

Thus, Plaintiff has failed to allege the essential elements of First Amendment retaliation.

### C. The Amended Complaint Fails To State A Conspiracy Claim

"To establish a civil conspiracy under § 1983, Plaintiff has the burden of showing (1) that two or more people entered into an agreement to violate the victim's civil rights, (2) that the alleged co-conspirators shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that caused injury to him." *Pizzuto v. Cty. of Nassau*, 239 F. Supp. 2d 301, 308 (E.D.N.Y. 2003) (citing *Beck v. Prupis,* 529 U.S. 494, 503, (2000) (requiring overt tortious act in addition to traditional elements of a conspiracy)).

Plaintiff's conspiracy claims fail because, as demonstrated above, he has not stated an underlying claim alleging abuse of process or First Amendment retaliation. His claims also fail because the Amended Complaint does not plead facts supporting any elements of a conspiracy. It is well established that cooperating with law enforcement, or even filing a criminal complaint, fails to "show conspiracy or actions in concert that are necessary to establish a § 1983 violation; otherwise complainants in all arrests could be subject to retaliatory § 1983 actions." *Bravo v. Bexar Cty.*, No. 12 Civ. 4009 (MKB), 2014 WL 1155302, at *6 (E.D.N.Y. Mar. 21, 2014). *See also Tobias v. Cty. of Putnam*, 191 F. Supp. 2d 364, 380 (S.D.N.Y. 2002) (filing criminal complaint is insufficient to establish that defendant acted under color of state law within the meaning of Section 1983). Thus, the Amended Complaint fails to state a conspiracy claim.

---

[13] It is immaterial that Plaintiff pleaded guilty to the lesser charge of disorderly conduct. "Probable cause exists where the officer 'has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Johnson v. City of New York*, No. 18 Civ. 6256 (RA), 2020 WL 2732068, at *3 (S.D.N.Y. May 26, 2020) (quoting *United States v. Delossantos*, 536 F.3d 155, 158 (2d Cir. 2008)). It makes no difference whether probable cause exists "for a crime other than the one identified by the arresting officer." *Id*.

## V. CERTAIN SCANDALOUS MATERIAL SHOULD BE STRICKEN

"Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Brown v. Maxwell*, 929 F.3d 41, 52 n.42 (2d Cir. 2019) (citation omitted) (discussing Fed. R. Civ. P. 12(f)). The Amended Complaint is rife with scandalous accusations, which Justice Cooper seeks to strike to the extent that they are immaterial. *See* Am. Compl. ¶¶ 1, 3, 7-9, 17, 28-31, 54, 81. For example, Plaintiff labels Justice Cooper a "despicable racist," a slur that has no bearing on his claims. *Id.* ¶ 1. Plaintiff's gratuitous personal attacks on Justice Cooper should be stricken. The same is true of his allegation ascribing obscene and racist comments to an Attorney Grievance Committee staff attorney (*id.* ¶ 74), whom the Court dismissed from the action *sua sponte*. (ECF No. 18.)

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint with prejudice for failure to state a claim on which relief can be granted, strike the specified allegations, and award such other and further relief as it deems proper.

Dated: New York, New York
        January 11, 2021

<div style="margin-left:auto">

LETITIA JAMES
Attorney General
State of New York
*Attorney for State Defendant*

_____/s/_____
Michael A. Berg
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8651
michael.berg@ag.ny.gov

</div>