UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY ZAPPIN,

                    Plaintiff,

          against

MATTHEW F. COOPER *et al.*,

                    Defendants.

No. 20 Civ. 2669 (ER)

---

## REPLY MEMORANDUM OF LAW IN SUPPORT OF THE <u>HONORABLE MATTHEW F. COOPER'S MOTION TO DISMISS</u>

LETITIA JAMES
Attorney General
State of New York
28 Liberty Street
New York, New York 10005
(212) 416-8651
*Attorney for State Defendant*

MICHAEL A. BERG
Assistant Attorney General

**Table of Contents**

TABLE OF AUTHORITIES ........................................................................................................ i

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 2

   I.   *RES JUDICATA* BARS THIS ACTION AGAINST JUSTICE COOPER ........................ 2

   II.  THE THREE-YEAR STATUTE OF LIMITATIONS BARS THIS ACTION .................. 3

   III. ABSOLUTE JUDICIAL IMMUNITY BARS THIS ACTION .......................................... 6

   IV. PLAINTIFF HAS WAIVED HIS CONSPIRACY AND RETALIATION CLAIMS ....... 7

   V.  THE AMENDED COMPLAINT FAILS TO ALLEGE AN ABUSE OF PROCESS ....... 8

   VI. PLAINTIFF'S MEMORANDUM DEMONSTRATES THE NECESSITY OF
       STRIKING HIS SCANDALOUS AND OBSCENE ALLEGATIONS ........................... 10

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

CASES                                                                      PAGE(S)

*Agosto v. New York City Dep't of Educ.*,
    982 F.3d 86 (2d Cir. 2020)................................................................................8

*Bonilla v. City of New York*,
    No. 20 Civ. 1704 (RJD) (LB), 2020 WL 6637214 (E.D.N.Y. Nov. 12, 2020) ......................5

*Citi Connect, LLC v. Local Union No. 3, IBEW*,
    No. 20 Civ. 5147 (CM), 2020 WL 5940143 (S.D.N.Y. Oct. 7, 2020) ....................................5

*Corley v. Farrell*,
    833 F. App'x 908 (2d Cir. 2021) ...............................................................................2

*Dempster v. Dempster*,
    404 F. Supp. 2d 445 (E.D.N.Y. 2005) ................................................................4

*Giannone v. York Tape & Label, Inc.*,
    548 F.3d 191 (2d Cir. 2008).........................................................................................2

*Hernandez v. United States*,
    939 F.3d 191 (2d Cir. 2019).....................................................................................8-9

*Joseph v. United States*,
    740 F. App'x 12 (2d Cir. 2018) ...............................................................................8

*Levy v. City of N.Y.*,
    935 F. Supp. 3d 575 (E.D.N.Y. 2013) ................................................................8-9

*Malik v. City of N.Y.*,
    No. 20-1969-CV, 2021 WL 79174 (2d Cir. Jan. 11, 2021) ..................................7-8

*Parris v. Hirtenfeld*,
    7 Misc. 3d 1024(A), 801 N.Y.S.2d 238 (Sup. Ct. Kings Cty. 2005)....................................3-4

*Pertilla v. Genetic Design, Inc.*,
    166 Misc. 2d 843, 634 N.Y.S.2d 1006 (Sup. Ct. Chenango Cty. 1995)..................................7

*Rivera v. Balter Sales Co. Inc.*,
    No. 14 Civ. 1205 (LTS), 2014 WL 6784384 (S.D.N.Y. Dec. 1, 2014)....................................8

*Sassower v. Signorelli*,
    100 A.D.2d 509, 472 N.Y.S.2d 717, aff'd, 62 N.Y.2d 780 (1984)..........................................7

*Tracy v. Freshwater*,
    623 F.3d 90 (2d Cir. 2010)............................................................................................3

i

*Walker v. City of N.Y.*,
    No. 14 Civ. 808 (ER), 2015 WL 4254026 (S.D.N.Y. July 14, 2015).......................................7

*Zappin v. Collazo*,
    No. 19 Civ. 10573 (LGS), 2020 WL 5646496 (S.D.N.Y. Sept. 22, 2020)...............................3

*Zappin v. Cooper*,
    No. 16 Civ. 5985 (KPF), 2018 WL 708369 (S.D.N.Y. Feb. 2, 2018),
    reconsideration denied, 2018 WL 2305562 (S.D.N.Y. May 18, 2018), aff'd,
    768 F. App'x 51 (2d Cir. 2019) ............................................................................................2

*Zappin v. Doyle*,
    No. 17 CIV. 8837 (KPF), 2018 WL 2376502 (S.D.N.Y. Apr. 10, 2018), aff'd,
    756 F. App'x 110 (2d Cir. 2019) ..........................................................................................3

**FEDERAL CONSTITUTIONAL PROVISIONS, STATUTES AND RULES**

U.S. Const., amend. I .................................................................................................................6, 8

42 U.S.C. § 1983 ............................................................................................................................3

Fed. R. Civ. P. 3 .............................................................................................................................4

S.D.N.Y., Electronic Case Filing Rules & Instructions § 3.3..........................................................4

**NEW YORK STATE CONSTITUTIONAL PROVISIONS, STATUTES AND RULES**

N.Y. Gen. Constr. Law § 25-a ......................................................................................................3

N.Y. Executive Order 202.8 .......................................................................................................4-5

Justice Cooper respectfully submits this reply memorandum of law in further support of his Motion to Dismiss the Amended Complaint and to strike certain allegations therein.

## PRELIMINARY STATEMENT

Plaintiff's Opposition[1] begins and ends with an extended *ad hominem* attack on Justice Cooper's character, conduct, and judicial record. In between, Plaintiff attempts to rebut some, but not all, of Justice Cooper's arguments for dismissal of this action. His arguments are meritless, and the action should be dismissed with prejudice on several independent grounds.

*First*, the Cooper Memorandum demonstrated that *res judicata* bars this action because Plaintiff seeks to relitigate claims that he asserted, or could have raised, in the *Zappin I* action. In response, Plaintiff notes that he dismissed his claims against Justice Cooper in a different prior action, *Zappin v. Doyle*, without prejudice. But that is irrelevant. The dismissal with prejudice of *Zappin I* bars the instant claims against Justice Cooper in their entirety. *See* Point I, *infra*.

*Second*, Plaintiff relies on an inapplicable state law and an equally inapplicable state executive order to toll the statute of limitations. The action is time-barred. *See* Point II, *infra*.

*Third*, Justice Cooper is entitled to absolute judicial immunity. Plaintiff argues that the alleged November 2 Incident occurred in public, not in state court. But the Amended Complaint alleges a purportedly improper use of judicial authority – not a random public confrontation. The case law demonstrates that in such circumstances, judicial immunity applies. *See* Point III, *infra*.

*Fourth*, Plaintiff fails to respond to Justice Cooper's arguments for dismissal of his retaliation and conspiracy claims. As such, he has abandoned those claims. *See* Point IV, *infra*.

*Fifth*, Plaintiff's attempt to preserve his abuse of process claim is unavailing. Among its

---

[1] Capitalized and abbreviated terms are defined in the Memorandum of Law in Support of the Honorable Matthew F. Cooper's Motion to Dismiss, filed Jan. 11, 2021 (ECF No. 42) (the "Cooper Memorandum"). Plaintiff's Memorandum in Opposition, filed Feb. 24, 2021 (ECF No. 52), is cited as "Plaintiff's Opposition." Plaintiff's Opposition cites "Plaintiff's Declaration" and exhibits, but he did not file a declaration in opposition to this motion.

other defects, Plaintiff has failed to allege that Justice Cooper initiated criminal process against him, or to identify the requisite improper collateral objective. *See* Point V, *infra*.

      ***Sixth***, by doubling down on his scandalous, obscene, and immaterial allegations, Plaintiff confirms that Justice Cooper's motion to strike should be granted. *See* Point VI, *infra*.

## ARGUMENT

## I.    *RES JUDICATA* BARS THIS ACTION AGAINST JUSTICE COOPER

      *Res judicata* bars this action against Justice Cooper. Cooper Mem. at 15-16. As set forth in the Cooper Memorandum, Plaintiff improperly seeks to relitigate claims that were dismissed in *Zappin v. Cooper*, No. 16 Civ. 5985 (KPF), 2018 WL 708369, at *1 (S.D.N.Y. Feb. 2, 2018), *reconsideration denied*, 2018 WL 2305562 (S.D.N.Y. May 18, 2018), *aff'd*, 768 F. App'x 51 (2d Cir. 2019) ("*Zappin I*"). Plaintiff fails to address the preclusive effect of *Zappin I*.

      In *Zappin I*, Plaintiff alleged that on November 2, 2016, Justice Cooper "spat on Plaintiff . . . on the street." *Zappin I*, First Am. Compl. ¶ 6. Based on that allegation, Plaintiff asserted a claim against Justice Cooper alleging intentional infliction of emotional distress. *Id.* ¶ 150. The court dismissed that claim, like all of Plaintiff's claims in *Zappin I*, ***with prejudice***. *Zappin I*, 2018 WL 708369, at *22. Consequently, "all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Giannone v. York Tape & Label, Inc*., 548 F.3d 191, 194 (2d Cir. 2008). *See also Corley v. Farrell*, 833 F. App'x 908, 909 (2d Cir. 2021) (reaffirming that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action") (emphasis in original).

      Plaintiff purports to address this argument, but he does not dispute that the dismissal with prejudice of *Zappin I* precludes this action against Justice Cooper. *See* Pl. Opp. at 7. Indeed, Plaintiff does not even mention *Zappin I*. Instead, he mischaracterizes Justice Cooper's position,

claiming that his *res judicata* argument is based on an entirely different prior case, *Zappin v.*

*Doyle*, No. 17 Civ. 8837 (KPF), which had nothing to do with the November 2 Incident.[2]

Plaintiff notes that in that case, he voluntarily dismissed his claims against Justice Cooper

without prejudice. *See* Pl. Opp. at 7. But that is irrelevant. The dismissal of *Zappin I* with

prejudice mandates the dismissal of this action against Justice Cooper on grounds of claim

preclusion, regardless of the disposition of any other case filed by Plaintiff.

## II.    THE THREE-YEAR STATUTE OF LIMITATIONS BARS THIS ACTION

Plaintiff concedes that his claims are governed by a three-year statute of limitations and

accrued no later than March 28, 2017. *See* Pl. Opp. at 3. This action is time-barred because the

Complaint (ECF No. 1) was filed more than three years later, on March 31, 2020. *See* Cooper

Mem. at 11-15; ECF Docket. Plaintiff's contrary arguments are unavailing.

Plaintiff first argues that he timely filed this action pursuant to a New York State statute

that extends certain filing deadlines that fall on weekends and holidays. Pl. Opp. at 3 (citing N.Y.

Gen. Constr. Law § 25-a). He asserts that because March 28, 2020 was a Saturday, state law

tolled the statute of limitations until Monday, March 30, 2020. *Id.* Plaintiff – an experienced

attorney who is not entitled to "special solicitude" – cites no federal law, rule, or case in support

of extending the limitations period. *See Tracy v. Freshwater*, 623 F.3d 90, 101-102 (2d Cir.

2010); *Zappin v. Doyle*, 756 F. App'x 110, 111, n.1 (2d Cir. 2019); *Zappin v. Collazo*, No. 19

Civ. 10573 (LGS), 2020 WL 5646496, at *4 (S.D.N.Y. Sept. 22, 2020). Nor does he cite any

authority holding that the cited state statute applies to Section 1983 claims in federal court.

Plaintiff relies on an unreported state court decision that extended the filing period for a personal

injury action brought under state law, which has no bearing on this case. *See Parris v. Hirtenfeld*,

---

[2] Plaintiff cites the same action as *Zappin v. Collazo*, but the first defendant listed in the caption is Attorney
Grievance Committee Staff Attorney Kevin M. Doyle. *See* Cooper Mem. at 3, n.3; *id.* at 11.

7 Misc. 3d 1024(A), 801 N.Y.S.2d 238 (Sup. Ct. Kings Cty. 2005), *cited in* Pl. Opp. at 3-4.

Even assuming the limitations period was extended to March 30, 2020, Plaintiff failed to meet that alleged deadline. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Here, the ECF docket clearly states that the Complaint was filed on March 31, 2020. The Complaint bears an ECF legend stating: "Filed 03/31/20." Plaintiff and the Court both have acknowledged that he "initiated this action on March 31, 2020." Pl. Mem. ¶ 1, Nov. 9, 2020 (ECF No. 31); Opinion & Order of Service, Aug. 17, 2020 (ECF No. 18). Thus, Plaintiff failed to commence this action by March 30, 2020, as he claims he was required to do.

Plaintiff states that he "believes" the docket's notation that the Complaint was filed on March 31, 2020, is "an error." Pl. Opp. at 4. But his asserted belief is irrelevant, as "'the clerk's docket entries are presumed correct in the absence of reliable evidence to the contrary.'" *Dempster v. Dempster*, 404 F. Supp. 2d 445, 449 (E.D.N.Y. 2005) (citation omitted).

Plaintiff also relies on an ECF notation that states: "Filed 03/30/20." Pl. Opp. at 7. But that notation does not specifically refer to the Complaint. Assuming Plaintiff logged onto the electronic filing system and took steps to open this case before midnight on March 30, he did not finish filing the Complaint until March 31.[3] Under the Court's rules, "Electronic filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day." Electronic Case Filing Rules & Instructions § 3.3. Thus, the ECF docket proves that Plaintiff did not file the Complaint by the asserted March 30, 2020 deadline.

In the alternative, Plaintiff argues that Governor Cuomo's Executive Order 202.8 tolled the statute of limitations. Pl. Opp. at 4. That argument fails for the reasons set forth in the Cooper

---

[3] The Southern District Clerk's Office has advised this Office that Plaintiff initiated the case at or about 11:58 p.m. on March 30, 2020, and that "the input into the system was completed at/around 12:02 a.m." on March 31, 2020. *See* Declaration of Chandra S. Taylor ¶ 8 (Mar. 5, 2021).

4

Memorandum. First, the plain language of Executive Order 202.8 suspended statutes of limitations in state court, not federal court. Second, the executive order was issued because the pandemic forced state court closures that precluded the filing of new civil actions. There were no such closures, and thus no rationale for tolling the statute of limitations, in federal court. *See Citi Connect, LLC v. Local Union No. 3, IBEW*, No. 20 Civ. 5147 (CM), 2020 WL 5940143, at *3 (S.D.N.Y. Oct. 7, 2020), *cited in* Cooper Mem. at 13.[4] Third, the cases cited in Plaintiff's Opposition – which he previously cited in his letters to the Court dated November 5 and December 10, 2020 (ECF Nos. 28, 37) – are unavailing. *See* Cooper Mem. at 13-15.

Plaintiff attempts to distinguish *Citi Connect* on the ground that it involved an application for a stay pending arbitration. Pl. Opp. at 5. He also points out that Chief Judge McMahon gave the plaintiff the benefit of the state tolling order, while denying its motion on the merits. *See id*; *see also* Cooper Mem. at 14, n.11. But these distinctions are immaterial. The crucial point is that the rationale for staying state court limitations periods as a result of the pandemic does not apply to cases filed in this Court. *Citi Connect* also refutes Plaintiff's suggestion that prejudice to the defendants is an impermissible consideration. *See* Pl. Opp. at 5. There, the court held that defendants would not be prejudiced by applying the state tolling rule. Here, by contrast, allowing this action to proceed would prejudice Justice Cooper by forcing him to defend against Plaintiff's untimely, duplicative, and meritless claims.

Finally, Plaintiff again relies on *Bonilla v. City of New York*, No. 20 Civ. 1704 (RJD) (LB), 2020 WL 6637214 (E.D.N.Y. Nov. 12, 2020). *See* Pl. Opp. at 5-6; ECF No. 37, at 1. But he does not dispute that *Bonilla* is non-binding, is distinguishable, and was wrongly decided. *See*

---

[4] Physical access to Southern District courthouses was limited, and COVID-19 protocols imposed, on March 16, 2020 (Revised Standing Order No. M10-468), but that did not affect Plaintiff's ability to electronically file this action. In-person operations were suspended on December 1, 2020 – several months after this action was filed.

Cooper Mem. at 14-15. In sum, Plaintiff has failed to show that his claims against Justice Cooper are timely. Accordingly, this action should be dismissed against Justice Cooper as time-barred.

### III.   ABSOLUTE JUDICIAL IMMUNITY BARS THIS ACTION

Plaintiff argues that Justice Cooper is not entitled to judicial immunity because the alleged November 2 Incident "took place on the street, not inside a courtroom." Pl. Opp. at 6. His argument should be rejected based on Plaintiff's allegations and the applicable case law.

The Amended Complaint does not allege an assault or intentional infliction of emotional distress claim based on a public altercation. Instead, Plaintiff alleges that Justice Cooper "used his position as a Justice … to improperly influence the [NYDA] to instigate and pursue" a misdemeanor charge against him. Am. Compl. ¶ 9. He further alleges that Justice Cooper was motivated by ill will arising out of the Divorce Action. *See id.* ¶¶ 9-12, 17, 21, 29-30. Thus, Plaintiff seeks to recover damages for Justice Cooper's purported actions as the presiding judge in the Divorce Action – not as a random passerby on a public sidewalk. *See* Cooper Mem. at 17-18 (citing *Huminski v. Corsones,* 386 F.3d 116 (2d Cir. 2004); *Barrett v. Harrington,* 130 F.3d 246 (6th Cir. 1997); *Pacherille v. Burns*, 30 F. Supp. 3d 159, 163-64 (N.D.N.Y. 2014)).

Plaintiff does not respond to *Barrett* and *Pacherille*, which establish that judges are absolutely immune from suit for filing harassment charges against disgruntled litigants. And his cursory attempt to distinguish *Huminski* is unavailing. There, the Second Circuit held that a judge was entitled to absolute immunity from a First Amendment suit brought by a former criminal defendant whose protests prompted the judge to file harassment charges. Its holding and logic compel the conclusion that Justice Cooper also enjoys absolute judicial immunity.[5]

---

[5] Plaintiff argues that *Huminski* is "instantly distinguishable" because the events in that action occurred after the disposition of the plaintiff's criminal case. Pl. Opp. at 6. Here, by contrast, the Divorce Action was ongoing at the time of the November 2 Incident and the ensuing investigation. But that fact strengthens Justice Cooper's claim to absolute immunity, as he remained the presiding judge in the Divorce Action at all relevant times.

The two cases cited by Plaintiff are inapposite. One case held that a genetic testing laboratory was entitled to quasi-judicial immunity in a negligence suit arising out of a court-ordered paternity test. *Pertilla v. Genetic Design, Inc.*, 166 Misc. 2d 843, 845, 634 N.Y.S.2d 1006, 1007 (Sup. Ct. Chenango Cty. 1995). The other case held that a state judge was entitled to absolute immunity from claims arising out of his judicial rulings. *Sassower v. Signorelli*, 100 A.D.2d 509, 509, 472 N.Y.S.2d 717, 718, *aff'd*, 62 N.Y.2d 780 (1984). Neither case holds, or remotely suggests, that a judge may be deprived of absolute immunity in a case alleging that he initiated a criminal case against a disgruntled litigant for filing a false complaint.

## IV.   PLAINTIFF HAS WAIVED HIS CONSPIRACY AND RETALIATION CLAIMS

Plaintiff does not respond to Justice Cooper's argument that the Amended Complaint fails to state a conspiracy claim. Cooper Mem. at 24. As a result, Plaintiff has abandoned his claims alleging a conspiracy to abuse process (Claim II) and to retaliate against him (Claim IV).

It is well established that "[w]hen a party fails adequately to present arguments' in a brief, a court may properly 'consider those arguments abandoned." *Malik v. City of N.Y.*, No. 20-1969-CV, 2021 WL 79174, at *2 (2d Cir. Jan. 11, 2021). Specifically, "a court may ... infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." *Id.* As this Court has held: "[A] court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Walker v. City of N.Y.*, No. 14 Civ. 808 (ER), 2015 WL 4254026, at *3 (S.D.N.Y. July 14, 2015) (citations omitted). Plaintiff's failure to respond to Justice Cooper's arguments constitutes a waiver and abandonment of his conspiracy claims.

For the same reason, Plaintiff has abandoned his claim alleging that Justice Cooper retaliated against him for purportedly exercising his free speech rights (Claim III). The Cooper Memorandum established Plaintiff's failure to allege the necessary adverse action and "causal

connection between this adverse action and the protected speech." *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 94 (2d Cir. 2020) (citation and quotation marks omitted). Cooper Mem. at 22-24. Plaintiff's failure to respond amounts to a waiver of his retaliation claim.

Instead of addressing the merits of the argument, Plaintiff merely asserts that the "Amended Complaint sets forth more than sufficient facts – which must be taken as true – to support a claim against Defendants." Pl. Opp. at 3. That conclusory assertion fails to distinguish between Plaintiff's abuse of process and retaliation claims, or between Justice Cooper and any other defendant. Apart from that blanket assertion, Plaintiff does not defend the merits of the retaliation claim.[6] By responding to Justice Cooper's motion to dismiss his abuse of process claim, but failing to respond to the motion to dismiss his conspiracy and retaliation claims, Plaintiff has abandoned the latter claims. *See Malik*, 2021 WL 79174, at *2. *Accord Joseph v. United States*, 740 F. App'x 12, 14 (2d Cir. 2018); *Rivera v. Balter Sales Co. Inc.*, No. 14 Civ. 1205 (LTS), 2014 WL 6784384, at *3 (S.D.N.Y. Dec. 1, 2014). Even without a waiver, those claims should be dismissed on the undisputed grounds set forth in the Cooper Memorandum.

## V.   THE AMENDED COMPLAINT FAILS TO ALLEGE AN ABUSE OF PROCESS

Plaintiff has not plausibly alleged the first element of his abuse of process claim: that Justice Cooper "employ[ed] regularly issued legal process to compel performance or forbearance of some act[.]" *Hernandez v. United States*, 939 F.3d 191, 204 (2d Cir. 2019). For example, Plaintiff does not allege that Justice Cooper was personally involved in charging him with an offense. Instead, he argues that "a third party may be liable for … abuse of process where they supplied information that 'influenced a decision whether to prosecute.'" *Id.* at 9-10 (quoting *Levy*

---

[6] Plaintiff's Memorandum repeatedly accuses Justice Cooper of retaliation, but only in an attempt to establish an improper motive for his abuse of process claim. Pl. Mem. at 10-11. He does not argue that the Amended Complaint pleads the elements of a First Amendment retaliation claim.

*v. City of N.Y.*, 935 F. Supp. 3d 575 (E.D.N.Y. 2013)). But Plaintiff misrepresents *Levy*. The cited passage upheld the plaintiff's claim for malicious prosecution, a claim that is not alleged here. *Id.* at 589. By contrast, the court dismissed the plaintiff's abuse of process claim. *Id.* at 592.

Plaintiff also contends his abuse of process claim is viable because the Complaint alleges that Justice Cooper provided "mostly false" information to the NYDA. Pl. Opp. at 10 (citing Am. Compl. ¶¶ 79-85). But that contention is unsupported by any factual allegations in the Amended Complaint. Plaintiff alleges, for example: "As evidenced by the March 31, 2017 [*sic*: Mar. 29, 2017] arraignment hearing, Justice Cooper falsely told prosecutors that Plaintiff had made 'false reports' against Justice [Deborah] Kaplan and Officer Jeffrey Katz." Compl. ¶ 80. But Plaintiff misstates the record. The prosecutor – not Justice Cooper – stated that Plaintiff made false reports against Justice Kaplan, and did not refer to Officer Katz at all. *See* Berg Decl., Ex. J, at 3. Similarly, Plaintiff alleges that "as evidenced by" the arraignment transcript, Justice Cooper "falsely told prosecutors that Plaintiff filed 'false reports' against him" with OCA and the New York Commission on Judicial Conduct. Am. Compl. ¶ 80. Once again, Plaintiff's Opposition baselessly attributes the prosecutor's statements to Justice Cooper. Berg Decl., Ex. J, at 3-4.

In sum, Plaintiff's claim that Justice Cooper provided false information to prosecutors is unsupported. He also fails to respond to the authorities holding that reporting a crime to law enforcement does not constitute initiation of a criminal prosecution, and that an abuse of process can only occur after charges are brought, which is not alleged here. *See* Cooper Mem. at 20.

Finally, Plaintiff has failed to allege the requisite collateral objective to support an abuse of process claim. It is not enough to assert, as Plaintiff does repeatedly, that Justice Cooper sought to "retaliate" against him. *See* Pl. Opp. at 10-11. "These allegations speak to [the defendant's] motive – rather than to the purpose of his actions – and thus are insufficient to state an abuse of process claim." *Hernandez*, 939 F.3d at 204.

Plaintiff's additional assertion that Justice Cooper tried "to financially bankrupt Plaintiff with continued attorneys' fees through multiple collateral proceedings initiated by Justice Cooper," Pl. Opp. at 11, is factually unsupported. Justice Cooper has never brought an action or proceeding against Plaintiff, and is not alleged to have done so. Conversely, Plaintiff has filed at least eight lawsuits against Justice Cooper. Nor is there any factual basis for Plaintiff's bare speculation that Justice Cooper provided information to the NYDA about the November 2 Incident to "manufacture additional evidence" for use in Plaintiff's disciplinary proceedings. *Id.*

Plaintiff has failed to state any of the elements of his abuse of process claim against Justice Cooper. Accordingly, that claim should be dismissed.

## VI.   PLAINTIFF'S MEMORANDUM DEMONSTRATES THE NECESSITY OF STRIKING HIS SCANDALOUS AND OBSCENE ALLEGATIONS

Justice Cooper has moved to strike several allegations that are not only scandalous and obscene, but also immaterial to any claims or defenses in this action. *See* Cooper Mem. at 25. In response, Plaintiff reiterates his offensive, irrelevant, and demonstrably false[7] allegations. Pl. Opp. at 11-13. These allegations should be stricken, not only from the Amended Complaint but also from Plaintiff's Opposition and his December 10, 2020 letter to the Court (ECF No. 37).

### CONCLUSION

For the foregoing reasons and those set forth in Justice Cooper's moving papers, the Court should dismiss the Amended Complaint with prejudice for failure to state a claim, strike the specified allegations, and grant such other and further relief as it deems proper.

---

[7] Plaintiff's assertion that "Justice Cooper admitted that he targeted black men with contempt" is unsupported by any comments made by Justice Cooper in the on-line video that Plaintiff cites. Pl. Opp. at 12. The video was edited to juxtapose Justice Cooper's comments, which have no racial content whatsoever, with unrelated images of Black men to imply racist connotations that do not exist in his actual remarks.

Dated: New York, New York
        March 9, 2021

                                        LETITIA JAMES
                                        Attorney General
                                        State of New York
                                        *Attorney for State Defendant*

                                        _____/s/_____
                                        Michael A. Berg
                                        Assistant Attorney General
                                        28 Liberty Street
                                        New York, New York 10005
                                        (212) 416-8651
                                        michael.berg@ag.ny.gov