

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

April 21, 2021

**By ECF**
Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y. 10007

                Re:    *Zappin v. Cooper*, No. 20 Civ. 2669 (ER)

Dear Judge Ramos:

      This Office represents New York State Supreme Court Justice Matthew F. Cooper, a defendant in the most recent of plaintiff Anthony Zappin's meritless and duplicative actions. We write pursuant to Your Honor's Individual Practices, § 2.A.ii, to request a pre-motion conference concerning Justice Cooper's anticipated motion for a filing injunction against Plaintiff.

## Background

      Justice Cooper presided over Plaintiff's divorce action, *Zappin v. Comfort*, N.Y. Cty. Index No. 301568/14 (the "Divorce Action"). In the Divorce Action, Justice Cooper sanctioned Plaintiff $10,000 for misconduct, which was affirmed as "entirely proper" and "amply supported by the record." *Zappin v. Comfort*, 146 A.D.3d 575, 575, 49 N.Y.S.3d 6, 6 (1st Dep't 2017). After a trial, Justice Cooper issued an unpublished decision awarding sole custody of the couple's only child to the mother, Claire K. Comfort. The Appellate Division affirmed that decision as well, citing Justice Cooper's "findings that [P]laintiff committed acts of domestic violence against [Ms. Comfort], both during her pregnancy … and after the child was born, rendering joint custody impossible." *Zappin v. Comfort*, 155 A.D.3d 497, 65 N.Y.S.3d 30 (1st Dep't 2017), *appeal dismissed*, 31 N.Y.3d 1077 (2018). The Appellate Division also affirmed Justice Cooper's order granting Plaintiff supervised visitation, citing "[t]he evidence that plaintiff had physically and verbally harmed the child's mother, engaged in abusive litigation tactics, and lacked the emotional restraint and personality to look after the child's best interests." *Id.*

      The Appellate Division subsequently disbarred Plaintiff for numerous violations of the New York Rules of Professional Conduct. *Matter of Zappin*, 160 A.D.3d 1, 3, 73 N.Y.S.3d 182, 183-84 (1st Dep't 2018). That order gave collateral estoppel effect to Justice Cooper's findings that Plaintiff "had repeatedly perpetrated acts of domestic violence against his wife; had testified falsely at a custody trial; had knowingly introduced falsified evidence during the proceedings in

the form of altered text messages; had presented misleading testimony through his expert witnesses; … and baselessly fil[ed] a disciplinary complaint against a court-appointed psychiatric expert witness." *Id.* Reciprocal disciplinary proceedings resulted in Plaintiff's disbarment in the District of Columbia and West Virginia.

The current case is the most recent of at least nine meritless actions that Plaintiff has filed against Justice Cooper arising out of the Divorce Action and related matters. In these actions, Plaintiff alleged that Justice Cooper denied him a fair trial, improperly disseminated the sanctions decision to *The New York Law Journal*, allowed "tabloid" newspaper reporters to attend court hearings, and retaliated against Plaintiff for publicly criticizing Justice Cooper. Except for three actions that were never served, each of his prior complaints against Justice Cooper was dismissed or withdrawn.[1] Plaintiff also filed several unsuccessful actions against the Appellate Division justices and disciplinary officials he blamed for his disbarment.[2]

In the first of these actions, Plaintiff alleged intentional infliction of emotional distress, claiming that Justice Cooper spat on him on a public street on November 2, 2016. The court dismissed the action in its entirety. *Zappin v. Cooper*, 2018 WL 708369, at *1. Despite that ruling, the instant action frivolously asserts four claims arising out of the same alleged incident, as well as Plaintiff's ensuing prosecution by the New York County District Attorney's Office. Justice Cooper's motion to dismiss on grounds including *res judicata* was fully submitted on March 9, 2021. (*See* ECF Nos. 41-43, 54-55.)

The adjudication of this action will not deter Plaintiff from abusing the judicial process of this Court to pursue his ongoing campaign of harassment-by-litigation against Justice Cooper and other State actors. As such, we respectfully request that the Court impose an injunction barring Plaintiff from filing, without prior leave of the Court, any civil action arising out of the Divorce Action, his ensuing disciplinary proceedings and disbarment, or his alleged encounter with Justice Cooper on November 2, 2016. A filing injunction is necessary to protect Justice Cooper and other State officials from Plaintiff's vexatious lawsuits, curtail his profligate waste of scarce judicial resources, and vindicate principles of finality and repose.

---

[1] *See Zappin v. Cooper*, No. 16 Civ. 5985 (KPF), 2018 WL 708369, at *1 (S.D.N.Y. Feb. 2, 2018) (dismissing action based on collateral estoppel), *reconsideration denied*, 2018 WL 2305562 (S.D.N.Y. May 18, 2018), *aff'd*, 768 F. App'x 51 (2d Cir. 2019); *Zappin v. Doyle*, No. 17 Civ. 8837 (KPF), 2018 WL 2376502, at *1 (S.D.N.Y. Apr. 10, 2018) (dismissing action as sanction for Plaintiff's non-compliance with court orders), *reconsideration denied*, 2018 WL 2376307 (S.D.N.Y. May 18, 2018), *aff'd,* 756 F. App'x 110 (2d Cir. 2019); *Zappin v. NYP Holdings, Inc.*, No. 16 Civ. 8838 (KPF) (dismissing defamation action because article was a fair report of a judicial proceeding), 2018 WL 1474414, at *1 (S.D.N.Y. Mar. 26, 2018), *aff'd*, 769 F. App'x 5 (2d Cir. 2019); *Zappin v. Daily News, L.P.*, No. 16 Civ. 8762 (KPF), 2017 WL 3425765, at *1 (S.D.N.Y. Aug. 9, 2017) (same); *Zappin v. Cooper*, Index No. 154016/2020, NYSCEF Doc. No. 1 (Sup. Ct. N.Y. Cty. June 6, 2020) (unserved complaint); *Zappin v. Comfort*, Index No. 152822/2017, NYSCEF Doc. No. 36 (Sup. Ct. N.Y. Cty. Nov. 29, 2018) (dismissed, on motion, for failure to serve complaint); *Zappin v. Comfort*, Index No. 156083/2018, NYSCEF Doc. No. 1 (Sup. Ct. N.Y. Cty. June 29, 2018) (unserved summons with notice); *Zappin v. Cooper*, Index No. 151862/2017, NYSCEF Doc. No. 1 (Sup. Ct. N.Y. Cty. Feb. 24, 2020) (unserved summons with notice). Plaintiff dismissed or withdrew his claims against Justice Cooper in the *Doyle*, *NYP Holdings, Inc.*, and *Daily News, L.P.* actions prior to final dismissal.

[2] *See, e.g., Zappin v. Collazo*, No. 19 Civ. 10573 (LGS), 2020 WL 5646496, at *1 (S.D.N.Y. Sept. 22, 2020) (dismissing both the *Collazo* action and a related case, *Zappin v. Dopico*, 19 Civ. 3781 (LGS)); *Zappin v. Doyle*, *supra*, n.1 (dismissing action as a sanction against Plaintiff).

### Plaintiff Should Be Enjoined From Filing New Actions Without Leave Of Court

"The United States Courts are not powerless to protect … litigants ... from the depredations of those ... who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings." *In re Martin-Trigona,* 737 F.2d 1254, 1261-62 (2d Cir. 1984). To the contrary, federal courts have the "inherent authority" to "impose sanctions against litigants who abuse the judicial process." *Vassel v. Firststorm Props. 2 LLC*, 750 F. App'x 50, 52 (2d Cir. 2018) (citing *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)). "The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction." *Id.* The Second Circuit has repeatedly affirmed such injunctions. *See Mendes da Costa v. Marcucilli*, 792 F. App'x 865, 868 (2d Cir. 2019) (affirming "leave-to-file" sanction in plaintiff's fifth lawsuit); *Malley v. N.Y.C. Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997) (per curiam) (affirming filing injunction against plaintiff who filed four actions based on the same events). *See also Weir v. Federally Funded Agencies/Entities & Its Agents*, No. 18 Civ. 4335 (JFB) (GRB), 2018 WL 9815969, at *3 (E.D.N.Y. Sept. 21, 2018) (citing All Writs Act, 28 U.S.C. § 1651(a) as source of district court's authority to issue filing injunctions) (internal citation omitted).

Plaintiff easily satisfies the five factors the Second Circuit has identified as relevant to the decision to impose a filing injunction: "(1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Iwachiw v. N.Y.C. Bd. of Elections*, 126 F. App'x 27, 29 (2d Cir. 2005).

*First*, Plaintiff has repeatedly attempted to relitigate, in this Court, matters that were fully and fairly litigated in New York State's trial and appeals courts. *Second*, Plaintiff had no good-faith basis to bring this action, which is barred by *res judicata* and is meritless for the reasons set forth in Justice Cooper's motion papers. *Third*, Plaintiff is a highly credentialed former attorney with a Columbia Law School degree and experience at prominent firms including Latham & Watkins and Mintz Levin Cohn Ferris Glovsky and Popeo. As such, he is not entitled to any special solicitude as a *pro se* litigant. *See Zappin v. Doyle*, 756 F. App'x at 111, n.1; *Zappin v. Collazo*, 2020 WL 5646496, at *4; *Zappin v. Cooper*, 2018 WL 708369, at *1 n.1. *Fourth*, by bringing a multiplicity of actions, Plaintiff has imposed burdens on the Court, Justice Cooper, and other State actors who have been compelled to respond to his baseless claims. *Fifth*, neither monetary sanctions in State Court nor the dismissal of the *Doyle* action as a sanction for Plaintiff's defiance of Court orders deterred his misconduct.

Accordingly, Justice Cooper respectfully requests a conference in preparation for his motion to enjoin Plaintiff, absent Court approval, from filing any actions or claims in the Southern District arising out of the Divorce Action, his ensuing disciplinary proceedings and disbarment, or the alleged November 2, 2016 incident and ensuing prosecution.

We appreciate Your Honor's continued attention to this matter.

Respectfully,

/s/

Michael A. Berg
Assistant Attorney General

cc: Anthony Zappin, Esq.
    Robin McCabe, Esq.